**HEATWALL, Appellant,**

v.

**VILLAGE OF BOSTON HEIGHTS, Appellee.**

[Cite as *Heatwall v. Boston Heights* (1990), 68 Ohio App.3d 96.]

Court of Appeals of Ohio,
Summit County.

No. 14487.

Decided Oct. 24, 1990.

*Richard E. Dobbins,* for appellant.

*Lemuel Green,* for appellee.

CACIOPPO, Judge.

Plaintiff-appellant, Robert Heatwall, appeals the judgment of the trial court granting the village of Boston Heights' motion for summary judgment. We reverse and remand.

Robert Heatwall was employed as a police officer with Boston Heights. On April 4, 1989, Joseph Varga, the Chief of the Boston Heights Police Department, gave Heatwall a suspension notice listing reasons for his suspension. Chief Varga simultaneously gave a copy of the suspension notice to Raymond McFall, the Mayor of Boston Heights. On April 7, 1989, Mayor McFall issued a judgment of dismissal permanently removing Heatwall from the Boston Heights Police Department.

Heatwall appealed the removal. On May 10 and 11, 1989, the Boston Heights Village Council held a hearing in which Heatwall had the opportunity to examine and cross-examine witnesses. Village Council voted to affirm the Mayor's judgment of dismissal.

On May 17, 1989, Heatwall filed a complaint for appeal and declaratory judgment in the Summit County Court of Common Pleas. On December 15, 1989, Heatwall filed a motion for summary judgment and the deposition of Mayor McFall. With leave of court, Boston Heights filed a memorandum in opposition to Heatwall's motion for summary judgment with the affidavit of Mayor McFall on January 31, 1990. On February 2, 1990, Boston Heights filed a motion for summary judgment and a motion to dismiss with the affidavit of Chief Varga. On February 9, 1990, Heatwall filed a response to the memorandum in opposition. On February 13, 1990, Heatwall filed a motion for a continuance for additional time in which to respond to Boston Heights' motion for summary judgment in order to depose Chief Varga. On February 16, 1990, the trial court granted Boston Heights' motion for summary judgment. Heatwall appeals.

## Assignments of Error

"I. The defendant-appellee demonstrated no basis for the granting of summary judgment and the trial court erred in granting said motion.

"II. The provisions of R.C. 737.19(B) are mandatory with respect to the removal of a village police officer. The trial court erred in its failure to rule that the dismissal of the plaintiff from his employment was improper and void."

In his first assignment of error, Heatwall argues that the trial court improperly granted summary judgment.

Administrative and judicial review of the suspension, reduction in rank or dismissal of a police officer must be conducted pursuant to R.C. 737.19(B), which provides in pertinent part:

"In the case of removal from the department, the person so removed may appeal on questions of law and fact the decision of the legislative authority to the court of common pleas of the county in which the village is situated. * * * "

The appeal on questions of law and fact " * * * contemplates a trial *de novo*. * * * " *Cupps v. Toledo* (1961), 172 Ohio St. 536, 18 O.O.2d 82, 179 N.E.2d 70, paragraph two of the syllabus. A trial *de novo* is an independent judicial examination and determination of conflicting issues of fact and law. *Lincoln Properties v. Goldslager* (1969), 18 Ohio St.2d 154, 47 O.O.2d 316, 248 N.E.2d 57, paragraph one of the syllabus. In a trial *de novo*, the court of common pleas is empowered to " * * * substitute its own judgment on the facts for that of the commission, based upon the court's independent examination and determination of conflicting issues of fact. * * * " *Newsome v. Columbus Civ. Serv. Comm.* (1984), 20 Ohio App.3d 327, 329, 20 OBR 430, 431, 486 N.E.2d 174, 177. Where a record of the proceedings before the council has been preserved, appellant has a privilege, not a right, to seek to present additional evidence through the testimony of witnesses, subject to the sound discretion of the trial court. *Id.*

█ The proceeding on a motion for summary judgment is not a trial, but is for the purpose of determining whether there is a general issue to be tried. *DeWitt Motor Co. v. Bodnark* (App.1960), 14 O.O.2d 25, 169 N.E.2d 660.

█ Summary judgment is not available in a proceeding which requires the trial court to make an independent judicial examination and determine conflicting issues of fact and law. We find that the trial court erred in rendering summary judgment in a trial *de novo*. The judgment of the trial court is vacated and the trial court is ordered to proceed consistent with this opinion.

*Judgment accordingly.*

BAIRD, P.J., and MAHONEY, J., concur.

EDWARD J. MAHONEY, J., retired, of the Ninth Appellate District, sitting by assignment.