DECISION AND JUDGMENT ENTRY
The Village of New Boston ("the Village") appeals the decision of the Scioto County Court of Common Pleas, which reversed the decision of the Council for the Village of New Boston ("Village Council") to uphold the decision of the Mayor of New Boston to terminate Steve Goins' employment with the Village of New Boston Police Department ("NBPD") upon the recommendation of the Chief of Police. The Village first argues that the trial court should not have reviewed the Council's decision de novo.
Because we find that the trial court used the appropriate standard of review, we disagree. The Village then asserts that the trial court erred in determining that there was no just cause to terminate Goins. Because some competent, credible evidence supports the trial court's decision, we disagree.
 I.
Steve Goins became a NBPD police officer in 1984. In 1989, NBPD promoted him to lieutenant. Goins was not disciplined for misconduct until 1996, when NBPD suspended him for three days for retaliating against a co-worker. Three months later, the NBPD chief ("Chief") reprimanded Goins in writing for a variety of infractions. Less than a month after the written reprimand, Goins was again reprimanded, this time for using Village equipment without permission.
Shortly thereafter, the Chief became concerned that the NBPD officers on the midnight shift were spending too much time in the police station and not on patrol. The Chief instructed several village employees to place a videocamera inside a village building. From the videocamera's vantage point, the officers could be observed entering and exiting the police station.
On September 1, 1997, Goins took a report on a hit-skip accident. Later that day, he saw a car that matched the description of the car that had left the scene of the accident. He followed the car out of the Village, stopped the driver, and issued a citation.
On November 27, 1997, Goins assisted a fellow officer in a traffic stop. On his daily report, Goins indicated that he did so from 11:30 p.m. to 11:45 p.m. However, the videotape from that day indicated that he did not leave the building until 11:40.
On November 29, 1997, Goins heard noises coming from a village building. When he went to investigate, he saw a person jump over a wall near the building. Goins suspected that someone had broken into the building. Goins and another NBPD officer later entered the building and found the videocamera the Chief had placed there. The Village Mayor instructed the officers to tag the camera and videotapes as evidence. Goins later found a cigarette butt and a Pepsi can at the scene, but did not turn them over to the NBPD.
Also in November 1997, the Chief found drugs and money seized by Goins in Goins' unlocked locker. According to Goins, he kept this evidence in his locker at the direction of the NBPD property officer.
As a result, the Chief suspended Goins pending termination. He made the following charges against Goins:
 On or about November 27, 1997, you did falsify your daily report stating that you assisted Unit No. 11 on a traffic stop * * * between 11:30 and 11:45 p.m., when in fact, you were in the station in violation of Departmental Rule 1112 * * * and Departmental Rule 1139 * * *.
 On September 1, 1997, you * * *stopped [a] motor vehicle and [cited] the driver * * * without the authority to make such a stop and further, in violation of [the] Departmental Pursuit Policy and Departmental Rule 1098 * * *.
 On November 29, 1997, you removed evidence from the Village Garage building while claiming to be investigating a possible breaking and entering and failed to turn over said evidence to the Captain in violation of Departmental Rule 1129 * * * and Departmental Rule 1141 * * *.
 In November of 1997, evidence taken from the Mitchell Waring case were (sic) found in your locker and until discovered by the department, was not turned over to the Captain for safekeeping in violation of Departmental Rule 1141 * * *.
The Chief recommended terminating Goins. After conducting an inquiry pursuant to R.C. 737.19, the Mayor sustained the charges against Goins and removed him from his employment. Goins appealed Cthis decision to the Village Council. The Council held a hearing on the issue and voted to uphold the decision of the Mayor. Goins appealed to the Scioto County Court of Common Pleas. The court reviewed the evidence presented before the Council and heard additional evidence. After the parties briefed the standard of review issue, the trial court made an independent determination of the factual and legal issues before the Council. In so doing, the trial court determined that the allegations made in paragraphs one, two, and three of the charges against Goins, even if true, would not warrant the dismissal of Goins. The trial court also determined that the allegations in paragraph four could justify Goins' dismissal if Goins had intended to keep the money and drugs for his own use. However, the trial court found that Goins' had no such intentions. The trial court concluded that Goins' actions did not warrant his dismissal from NBPD, and reversed the decision of the Council.
The Village appeals and asserts the following assignments of error:
 I. The trial court erred when it ruled that the dismissal of the Appellee from the [NBPD] was not justified.
 II. The trial court abused its discretion when it ruled that the dismissal of the Appellee from the [NBPD] was not justified.
 II.
In part of its first assignment of error, the Village argues that the evidence presented to the Village Council constituted "reliable, probative, and substantial" evidence that Goins was dismissed for good cause. The Village asserts that the trial court ignored this evidence and substituted its own judgment regarding the severity of the punishment.
R.C. 737.19 states:
 (B) Except as provided in section 737.162 of the Revised Code, the marshal of a village has the exclusive right to suspend any of the deputies, officers, or employees in the village police department who are under the management and control of the marshal for incompetence, gross neglect of duty, gross immorality, habitual drunkenness, failure to obey orders given them by the proper authority, or for any other reasonable or just cause. * * *
 Suspensions of more than three days, reduction in rank, or removal from the department under this section may be appealed to the legislative authority of the village within five days from the date of the mayor's judgment. The legislative authority shall hear the appeal at its next regularly scheduled meeting. The person against whom the judgment has been rendered may appear in person and by counsel at the hearing, examine all witnesses, and answer all charges against that person.
 At the conclusion of the hearing, the legislative authority may dismiss the charges, uphold the mayor's judgment, or modify the judgment to one of suspension for not more than sixty days, reduction in rank, or removal from the department. * * *
 In the case of removal from the department, the person so removed may appeal on questions of law and fact the decision of the legislative authority to the court of common pleas of the county in which the village is situated. The person shall take the appeal within ten days from the date of the finding of the legislative authority.
(Emphasis added).
R.C. 2506.01 provides that "every final order * * * of a division of a political subdivision of the state may be reviewed by the court of common pleas * * * as provided in Chapter 2505. of the Revised Code * * *." The appeal provided in Chapter 2505 is "in addition to any other remedy of appeal provided by law." R.C. 2505.01.
R.C. 2506.04 delineates the roles of common pleas courts and appellate courts in reviewing administrative decisions. R.C. 2506.04 provides:
 The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code.
In Kisil v. City of Sandusky (1984), 12 Ohio St.3d 30, 34, fn. 4, the court, in describing the difference between the standard of review to be used by the common pleas court in R.C. 2506.04 appeals and the standard of review to be used by the court of appeals in R.C. 2506.04 appeals, explained that under R.C. 2506.04, the common pleas court must review the whole record, including any new evidence submitted directly to the common pleas court, and decide whether the agency's decision is arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable and probative evidence.
Our role in R.C. 2506.04 appeals is limited to reviewing questions of law, which we must review de novo, and to determining whether the trial court abused its discretion in applying the law. Kisil;
Jenkins v. City of Gallipolis (1998), 128 Ohio App.3d 376; Lawsonv. Foster (1992), 76 Ohio App.3d 784.
"The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." In re Jane Doe 1 (1990), 57 Ohio St.3d 135, 137. R.C. 2506.04 "grants a more limited power to the court of appeals to review the judgment of the common pleas court only on `questions of law,' which does not include the same extensive power to weigh `the preponderance of substantial, reliable and probative evidence,' as is granted to the common pleas court." Kisil, 30 Ohio St.3d at 34, fn. 4.
The courts of appeals of this state have differing opinions of the standard of review the trial court is to apply when hearing an appeal of a R.C. 737.19(B) termination, and we have never confronted the issue in our district. The issue we must decide is whether R.C. 737.19's "appeal on questions of law and fact" language dictates the trial court's standard of review for such an appeal, or whether we should look to R.C.2506.04 for the trial court's standard of review. At least one appellate court has determined that the language of R.C. 737.19(B) providing for an "appeal on questions of law and fact" to the common pleas court requires the common pleas court to hold a trial de novo. See Heatwall v. Boston Heights (1990), 68 Ohio App.3d 96. Several other appellate courts have determined that the trial court must perform a de novo review, but need not hold a trial de novo. See Summers v. Highland Heights (July 29, 1999), Cuyahoga App. No. 74437, unreported (administrative appeals pursuant to R.C. 737.19 are governed procedurally by R.C. 2506.04, which provides for a de novo standard of review); Stephen v. Barnesville (Aug. 20, 1999), Belmont App. No. 97BA12, unreported (while trial court is to use de novo standard of review for a R.C. 737.19(B) appeal, a trial de novo is available only when the circumstances described in R.C. 2506.03
exist).
We agree with the court's reasoning in Heatwall that the statutory language allowing a person removed from a village police department to appeal "on questions of law and fact" contemplates a trial de novo. Heatwall at 98, citing Cupps v. Toledo (1961), 172 Ohio St. 536, paragraph two of the syllabus. See, also, R.C. 2505.01(A)(3)("As used in the Revised Code, unless the context requires a different meaning * * * `appeal on questions of law and fact' * * * means a rehearing and retrial of a cause upon the law and the facts"). Thus, R.C. 737.19 provides the standard of review to be used by the common pleas court in an appeal under that section.
This analysis is consistent with R.C. 2506.01 and principles of statutory construction. R.C. 2506.01 provides that appeals pursuant to that section are in "addition to any other remedy of appeal provided by law." Since R.C. 737.19 provides a remedy of appeal, its remedy is in addition to a remedy of appeal pursuant to R.C. 2506.01. Moreover, R.C.737.19 is a specific provision since it deals only with the appeals of the removal of village police department employees. R.C. 2506.01 is a general provision because it deals with appeals from a decision of a political subdivision. If possible, we are to give effect to both of these provisions. R.C. 1.51; Johnson's Markets, Inc. v. New Carlisle Dept. of Health (1991), 58 Ohio St.3d 28. Interpreting R.C. 737.19 to require a trial de novo gives effect to both provisions.
In this case, Goins' notice of appeal to the trial court sought an appeal pursuant to R.C. 737.19. Thus, we find that the trial court did not err in substituting its judgment for the Village Council's judgment on the issue of Goins' removal. We find that the trial court used the correct standard of review.
 III.
In the remainder of its first assignment of error and its second assignment of error, the Village argues that the record supports the Village Council's decision upholding Goins' termination.
Because we have found that the trial court correctly did not apply the R.C. 2506.04 standard of review in hearing the appeal below, and because we find that Goins appealed pursuant to R.C. 737.19 and not R.C. Chapter 2506, we find that we cannot use the standard of review that we normally use in R.C. 2506.01 appeals. Rather, we review the trial court's judgment pursuant to Chapter 2505. R.C. 2505.03 (permitting us to review any final order of the common pleas court).
The Village essentially asks us to review the trial court's determination that Goins' conduct did not warrant termination. Thus, we construe this argument as an assertion that the trial court's decision is against the manifest weight of the evidence. A reviewing court will not reverse a judgment as being against the manifest weight of the evidence
when the judgment is supported by some competent, credible evidence going to all the essential elements of the case. C.E. Morris Co. v. FoleyConstr. Co. (1978), 54 Ohio St.2d 279, syllabus. When conducting its review, an appellate court must make every reasonable presumption in favor of the trial court's findings of fact. Myers v. Garson (1993),66 Ohio St.3d 610, 614; Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80, 461 N.E.2d 1273.
An employee of a village police department may be terminated for "incompetence, gross neglect of duty, gross immorality, habitual drunkenness, failure to obey orders given them by the proper authority, or for any other reasonable or just cause." R.C. 737.19(B). The village has the burden of proof to show that there were grounds for terminating an employee of a village police department. Shaffer v. West Farmington
(1992), 82 Ohio App.3d 579, 586.
The trial court found that the first three charges against Goins (falsification, violation of pursuit policy and rule on use of vehicles, and failing to properly handle evidence) did not support a termination even if they were true. The trial court examined the fourth charge (mishandling of evidence) and determined that since Goins had not kept the drugs and money in his locker for his own personal use, it too did not warrant his termination.
The Village argues that these charges were serious and constitute "cause" for termination. It asserts that Goins had been subject to progressive discipline, but continued to ignore departmental rules and policies. Goins asserts that the disciplinary action against him was in retaliation for his testimony on behalf of a fellow officer who had been accused of sexual harassment. Goins also disputed the facts surrounding several of the charges made against him.
Some competent, credible evidence supports the trial court's decision. Given our standard of review, we defer to the trial court on its determination of the credibility of the witnesses, the motivation behind the disciplinary actions against Goins, and its determination of the factual issues surrounding the charges themselves. Goins was hired in 1984 and was promoted in 1989. The Department did not discipline Goins until after he testified for a fellow officer against the Chief's wishes. At that time, Goins was disciplined several times for minor offenses. This evidence, coupled with the relatively minor nature of the charges, is some competent, credible evidence supporting the trial court's decision. Accordingly, we overrule The Village's first and second assignments of error.
 IV.
In sum, we overrule all of The Village's assignments of error and affirm the judgment of the trial court.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Abele, J.: Concurs in Judgment and Opinion. Harsha, J.: Concurs in Part and Dissents in Part with Opinion.
 _______________________________ Roger L. Kline, Presiding Judge