OPINION
Appellant Jason LeFrancois appeals a judgment of the Morrow County Common Pleas Court affirming the termination of his employment as a police officer with appellee, the Village of Cardington:
 ASSIGNMENTS OF ERROR A. THE COURT OF COMMON PLEAS ERRED TO THE PREJUDICE OF OFFICER LEFRANCOIS BY APPLYING THE WRONG STANDARD OF REVIEW.
 B. THE COURT OF COMMON PLEAS ERRED TO THE PREJUDICE OF OFFICER LEFRANCOIS BY PLACING THE BURDEN OF PROOF ON HIM RATHER THAN ON THE VILLAGE OF CARDINGTON.
 C. THE COURT OF COMMON PLEAS ERRED TO THE PREJUDICE OF OFFICER LEFRANCOIS IN FINDING THAT CHARGE I, SPECIFICATION I WAS PROVEN BY A PREPONDERANCE OF THE EVIDENCE.
 D. THE COURT OF COMMON PLEAS ERRED TO THE PREJUDICE OF OFFICER LEFRANCOIS IN FINDING THAT CHARGE I, SPECIFICATION II WAS PROVEN BY A PREPONDERANCE OF THE EVIDENCE.
 E. THE COURT OF COMMON PLEAS ERRED TO THE PREJUDICE OF OFFICER LEFRANCOIS IN FINDING THAT CHARGE I, SPECIFICATION III WAS PROVEN BY A PREPONDERANCE OF THE EVIDENCE.
 F. THE COURT OF COMMON PLEAS ERRED TO THE PREJUDICE OF OFFICER LEFRANCOIS IN FINDING THAT THE EVIDENCE PRESENTED WAS SUFFICIENT TO CONSTITUTE GROUNDS FOR TERMINATION OF HIS EMPLOYMENT WITH THE CARDINGTON POLICE DEPARTMENT.
 G. THE VILLAGE COUNCIL COMMITTED PROCEDURAL ERRORS AND DENIED OFFICER LEFRANCOIS DUE PROCESS OF LAW.
Appellee the Village of Cardington cross appeals, assigning two errors:
 ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR NO. 1
 THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT HELD THAT THE ACTION OF THE LEGISLATIVE AUTHORITY OF THE VILLAGE OF CARDINGTON IN UPHOLDING CHARGE NO. 3 WAS NOT SUPPORTED BY A PREPONDERANCE OF THE RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE AND DID NOT CONSTITUTE SUFFICIENT CAUSE FOR REMOVAL UNDER OHIO REV. CODE § 737. 19.
ASSIGNMENT OF ERROR NO. 2
 THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT HELD THAT THE ACTIVITIES OF LEFRANCOIS IN REGARDS TO THE STOLEN PACKS OF CIGARETTES DID NOT CONSTITUTE INCOMPETENCE, GROSS NEGLECT OF DUTY, OR OTHER REASONABLE OR JUST CAUSE WHICH SUBJECTED LEFRANCOIS TO DISCIPLINE UNDER OHIO REV. CODE § 737.19.
Late in the evening of December 28, 1999, while off-duty and not in uniform, appellant went to a bar in Cardington to pick up a case of beer. While at the bar, he was approached by Neil Collins, who was on probation for a felony conviction, and was known to appellant as a person within the criminal element of the village. Appellant had arrested Collins on at least two occasions, and Collins approached appellant at the bar to thank him for "not being a jerk" on the occasion of his recent arrest for domestic violence. Collins offered appellant information concerning drug trafficking by an individual who was romantically involved with Collins' mother, and whom Collins was angry with for allegedly beating his mother. Appellant invited Collins to his residence to drink the beer he purchased at the bar. Around midnight, they left the bar in appellant's vehicle, stopping to pick up Collins' girlfriend, Newly Lloyd. At appellant's house, they were joined by appellant's wife in a party.
During the next two and one-half hours, appellant claimed he consumed two beers, while Collins indicated that appellant drank four or five beers. Collins drank around seven beers at appellant's house. The conversation turned to drugs, and according to Collins, appellant said "he'd done them all." Appellant asked Collins if he could get him some drugs, and offered to drive Collins to a supplier in Franklin County. At this point, Neely Lloyd became agitated and decided to go home.
Discussion turned to the identity of the drug source in Franklin County. Appellant claimed that his intention for the entire social involvement with Collins was to gather information about drug activity, and also to gather evidence of Collins' violation of the terms of his probation. Appellant claimed he did not intend to carry out a plan to drive Collins to Franklin County for a drug buy.
Appellant and Collins took Neely Lloyd home, and at about 2:30 a.m. on December 29, appellant took Collins to the local gas station. Appellant purchased gasoline, and Collins purchased a package of cigarettes. While together inside the store, Collins stole several packs of cigarettes, which was recorded by the store's security video camera. Appellant denied any knowledge of the theft until they returned to vehicle, at which time Collins displayed the cigarettes and admitted the theft.
The pair proceeded to Collins' residence to give him an opportunity to smooth things out with his girlfriend, while appellant waited in the car. Collins did not return to appellant's car. Appellant then left and went to the Cardington Police Department to discuss the matter with the officer on duty. At this time, appellant reported the theft of the cigarettes by Collins. He later told a fellow officer that the events of the evening in question were "one of the dumbest-assed things he had ever done."
Appellant was charged with three violations of the Cardington Police Department Rules. He was charged with incompetence based on four factual allegations, gross neglect of duty based on one factual allegation, and failure to obey orders based on one factual allegation. The Chief of Police recommended that appellant's employment with the Village be terminated. The Mayor investigated, and also recommended that appellant's employment with the Village be terminated.
On January 13, 2000, appellant requested a hearing before the Village Council. The matter came before the Council on February 7, February 21, and March 6, 2000, for an evidentiary hearing. The Village Council unanimously found that the allegations were all proven by a preponderance of the evidence, and determined that appellant should be removed from his position with the department.
Appellant filed an appeal pursuant to R.C. 737.19(B) to the Morrow County Common Pleas Court. The court affirmed the finding that appellant's employment should be terminated for incompetence. The court concluded that the evidence did not support the Council's findings of gross neglect of duty and failure to obey an order. Based on the finding of incompetence, the court affirmed the removal of appellant as a police officer with the Village.
We first address appellant's assignments of error on direct appeal.
 I
Appellant first argues that the court applied the wrong standard of review, as the court should have reviewed the decision of the Village Council de novo.
R.C. 737.19(B) provides that in the case of removal from the department, the person removed may appeal on questions of law and fact to the court of common pleas of the county in which the village is situated.
The courts of appeals of this state have differing opinions concerning the standard of review the trial court is to apply when hearing an appeal of a R.C. 737.19 termination. The procedural rules governing an appeal on questions of law and fact were repealed, and thus there is no statutory direction on the proper procedure to apply to these cases. Several courts have determined that the language of the statute, providing for an appeal on questions of law and fact to the common pleas court, requires the common pleas court to hold a trial de novo. Hetwallv. Boston Heights (1990), 68 Ohio App.3d 96; Goins v. Village of NewBoston (November 22, 2000), Scioto Appellate No. 00CA2701, unreported. Others have concluded that the court must perform a de novo review, but need not hold a trial de novo. Summers v. Highland Heights (July 29, 1999), Cuyahoga Appellate No. 74437, unreported; Stephen v. Barnsville
(August 20, 1999), Belmont Appellate No. 97BA12, unreported.
We concur that while appellant was entitled to a de novo review, he was not entitled to a trial de novo. The administrative appeal is governed by R.C.2506.04, which provides that the court may find that the order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or not supported by the preponderance of substantial, reliable, and probative evidence on the whole record. In order to get an entirely new hearing on appeal pursuant to R.C. 2506.03, appellant must have filed an affidavit that one of the exceptions to the general administrative standard of review applied. Appellant did not do so in the instant case.
It is apparent from the judgment of the court that the court provided appellant with an appropriate review pursuant to R.C. 2506.04. The parties did not attempt to admit additional evidence, and thus the court was limited to the record from the Village Council hearing. However, the court recognized that an appeal on questions of law and fact required him to conduct a de novo review. Judgment Entry, 12/1/00. It is apparent from the detailed entry of the court that the court carefully examined the testimony, and conducted some weighing of the evidence, as the court concluded that the charges of gross neglect of duty and failure to obey an order were not supported by a preponderance of evidence based on the whole record.
The first assignment of error is overruled.
 II
Appellant argues that the court erred in placing the burden of proof on him to establish that he did not act in a manner which could lead to his termination, rather than requiring the Village to establish that his conduct warranted the discipline imposed upon him. The record does not demonstrate that the court placed the burden of proof on appellant, rather than on the Village. Appellant cites us to no place in the record which demonstrates that the court placed the burden of proof on him.
The second assignment of error is overruled.
 III, IV, V
We address appellant's third, fourth, and fifth assignments of error together, as all claim that the court erred in finding the charge of incompetence to be supported by a preponderance of the evidence.
A court of appeals is directed to affirm the decision of the common pleas court unless we find, as a matter of law, that the court's decision is not supported by a preponderance of reliable, probative, and substantial evidence. Kisil v. City of Sandusky (1984), 12 Ohio St.3d 30. In Irvine v. Unemployment Compensation Board of Review (1985),19 Ohio St.3d 15, and Tzangas, Plakas, Mannos v. Administrator
(1995), 73 Ohio St.3d 694, the Supreme Court held that an appellate court is not permitted to make factual findings or determine the credibility of witnesses, but nevertheless, must determine whether the agency's decision is supported by evidence in the record.
There was evidence to demonstrate that appellant engaged in a party with Collins, a known criminal, and offered to drive Collins to Columbus to buy drugs. While appellant claimed that he did not intend to carry out the buy and instead was merely trying to obtain information concerning drug activity, the evidence reflects that appellant had no formal training in covert narcotics investigations, and was not involved in any operation with the Village of Cardington Police nor any cooperative operation with law enforcement agents in Franklin County. Clearly, neither the council nor the court found appellant's contention that he did not intend to transport Collins to Franklin County to buy drugs to be credible. Further, it is obvious from the record that Collins knew appellant was a police officer, as he thanked him for not being a jerk the last time he arrested him. The evidence in the record, as outlined in the statements of facts earlier, provides substantial, reliable, and probative evidence that appellant was incompetent for the reasons stated in the complaint.
The third, fourth, and fifth assignments of error are overruled.
 VI
Appellant argues that even assuming the evidence supports the findings of incompetence, it does not warrant termination of his employment.
In this assignment of error, appellant again argues that he was merely attempting to gather information to report to the officer on duty as soon as practical. While appellant argues that assuming arguendo his conduct did amount to incompetence, it does not warrant termination of employment, he does not make any legal or factual argument to support this contention.
As noted by appellee, this issue was not specifically argued and briefed to the common pleas court, but was generally raised in the same manner it is raised in this court. The court did not err in concluding that the evidence of appellant's conduct on the night in question was sufficient to support appellant's removal.
The sixth assignment of error is overruled.
 VII
Appellant argues that the court erred in denying his appeal based on procedural errors before the Village Council.
Appellant first contends that he was denied due process by the failure of council to hear his appeal at the "next scheduled meeting of council," pursuant to R.C. 737.19(B). Appellant filed his appeal on January 13, days before the next meeting of council. Appellant waived his right to have his hearing at the next meeting of council by agreeing to a later date, as suggested by the Village authorities, due to the fact that Council would be short handed at the January 17 meeting, but a full council would be available in February. Further, as noted by the court, the delay clearly worked to appellant's benefit. Appellant subpoenaed 11 witnesses for appearance at the hearing. The hearings took place at three successive council meetings, involving an attorney serving as a hearing officer, attorneys representing each side, a court stenographer, and a full complement of council members. As noted by the court, to expect a full trial, such as occurred in the instant case, to happen within three days of appellant's request for a hearing is unrealistic, and was waived by appellant.
Appellant also argues that he was denied due process by the Mayor's participation in the hearing, as the Mayor had already determined he should be terminated from his employment, and the Mayor could have been called as a witness in the action.
The record does not reflect the Mayor participated in voting, deliberations, or was involved in any way other than as a potential voting member of the council in the event of a tie. Further, the record does not reflect that appellant made any effort to call the Mayor to the stand, and thus his argument that the Mayor was a potential witness fails. In the absence of a record demonstration that the Mayor deliberated, voted, or otherwise influenced the outcome of the action, appellant has demonstrated no prejudice from his mere presence at the hearing.
The seventh assignment of error is overruled.
We next address the assignments of error on cross appeal.
 I
Appellee argues that the court erred in finding that charge three, asserting that appellant violated the Chief of Police's instructions to not engage in law enforcement activities outside the municipal corporate limits, was not supported by the evidence. As found by the court, appellant and Collins never actually left the jurisdiction of the Village to pursue the alleged plan to conduct a drug buy in Franklin County. Therefore, there was no engagement in activities outside the municipal corporate limits, as charged in the complaint. The court did not err in finding this charge was not supported by the evidence.
 II
Appellee argues that the court erred in finding the charge of gross neglect of duty to be unsupported by the evidence. This charge specifically alleged that appellant failed to take appropriate police action against Collins by arresting him after becoming aware of the cigarette theft after leaving the gas station. As found by the court, it was not established that appellant knew of the theft before leaving the store. Further, there was evidence that appellant did report the incident to an on-duty officer shortly thereafter. The court did not err in finding that the charge of neglect of duty was not supported by a preponderance of the evidence, based merely upon appellant's failure to make an immediate arrest in the vehicle.
The second assignment of error on cross appeal is overruled.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Morrow County Common Pleas Court is affirmed. Costs split between the parties.
GWIN, J., EDWARDS, P. J., WISE, J., concur