OPINION
{¶ 1} This is an administrative related appeal taken from a final judgment of the Portage County Court of Common Pleas. Appellant, Beth Pullin, challenges the trial court's judgment to deny her appeal from a decision of the Hiram Village Council ("village council") affirming Mayor Diane Bielecki's ("Mayor Bielecki") termination of appellant's employment as a dispatcher for the village police department.[1]
 {¶ 2} The following facts are relevant to this appeal. According to Chief of Police Mark Lombardi ("Chief Lombardi"), on November 1, 2000, appellant delayed in dispatching the fire department to the scene of a fatal accident and also "failed to dispatch the road officer to a call of an injury accident in a timely manner."[2] As a result, Assistant Chief Lynn Scott filed a formal complaint against appellant. Chief Lombardi conducted an investigation, and on November 24, 2000, supplied appellant with a written notice of her suspension pursuant to R.C. 737.19(B) advising her that she had been charged with violating the department's policy regarding incompetence.[3] Chief Lombardi also provided Mayor Bielecki with a written certification of the charges against appellant, along with his recommendation that the mayor discharge appellant from her employment.[4]
 {¶ 3} Upon conducting an inquiry, Mayor Bielecki issued a judgment of dismissal on November 29, 2000, permanently removing appellant from the police department.[5] As a result, appellant appealed the mayor's determination to the village council where a hearing was conducted on December 12, 2000. Although appellant had the opportunity to personally appear at the hearing, she declined to do so and instead was represented by her attorney during the proceedings. The village counsel considered the evidence and, by motion, unanimously upheld Mayor Bielecki's decision to terminate appellant's employment.[6]
 {¶ 4} On December 21, 2000, appellant filed a statutory administrative appeal in the Portage County Court of Common Pleas from the decision of the village council.[7] Although this notice of appeal was predicated upon R.C. 737.19(B), it was styled as a "complaint," seeking declaratory and injunctive relief.
 {¶ 5} As grounds for her appeal, appellant alleged that her right to procedural due process had been violated because Mayor Bielecki "failed to give [her] any meaningful pretermination [sic] notice and opportunity to be heard prior to her termination." Appellant also claimed that the village council failed to pass a resolution or an ordinance adopting the mayor's decision to terminate appellant's employment, and that Mayor Bielecki and the village council erred when they discharged her. Moreover, appellant argued that the decision was "unsupported as a matter of law or by any substantial, properly admitted evidence."[8]
 {¶ 6} As the matter proceeded, appellant filed a "motion for judgment with brief" on February 26, 2001. Therein, appellant maintained that the village council erroneously affirmed Mayor Bielecki's decision to terminate her employment by motion rather than by a resolution or an ordinance. Appellant also claimed that she was entitled to a pre-termination hearing with Mayor Bielecki prior to the mayor making her decision. Accordingly, appellant concluded that she had met her burden of showing that procedural errors occurred in this case and that appellees could not meet their burden that appellant's conduct warranted termination of her employment.
 {¶ 7} On March 21, 2001, appellees countered by filing a "brief in opposition to [appellant's] motion for judgment and motion for summary judgment[,]" in which they essentially argued that the procedure set forth in R.C. 737.19 was followed in discharging appellant from her employment as a police dispatcher. In response, appellant filed a reply brief on April 10, 2001, reasserting her argument that Mayor Bielecki and the village council had committed procedural errors. Appellant also maintained that there was no substantive basis for her removal because appellees failed to present a policy or a rule requiring a dispatch to occur within a certain amount of time.[9]
 {¶ 8} Upon consideration, the trial court issued a lengthy judgment entry on November 2, 2001, affirming the decision of the village council to terminate appellant's employment as a dispatcher. Specifically, the trial court concluded that the dismissal process was conducted pursuant to law, and that appellant's discharge was supported by substantial, reliable and probative evidence. The court also granted appellees' motion for summary judgment on appellant's claim for wrongful discharge and dismissed her request for declaratory relief.
 {¶ 9} From this judgment, appellant filed a timely notice of appeal with this court. She now submits the following assignments of error for our consideration:
 {¶ 10} "[1.] The trial court erred in denying appellant's motion to strike and for default[.]
 {¶ 11} "[2.] The trial court erred in dismissing appellant's complaint for declaratory judgment[.]
 {¶ 12} "[3.] The trial court erred in determining that Village Council's action approving wrongful discharge was proper by motion alone[.]
 {¶ 13} "[4.] The trial court erred in determining that appellant had no right to a pre-termination hearing before the Mayor who was the decision maker[.]
 {¶ 14} "[5.] The trial court erred in considering materials filed by the Village outside the schedule set by the trial court[.]
 {¶ 15} "[6.] The trial court erred in failing to strike the Chief's affidavit and exhibits[.]
 {¶ 16} "[7.] The trial court erred in denying appellant's motion for summary judgment[.]"
 {¶ 17} In assignment of error one, appellant contends that the trial court erred in denying her motion for default judgment and her motion to strike the answer filed by appellees.
 {¶ 18} On January 22, 2001, appellees filed an answer through their attorney, John D. Latchney ("Attorney Latchney") of Tomino 
Latchney. However, on February 26, 2001, appellant filed a "motion to strike and for default," arguing that no answer had been timely filed by a village solicitor.
 {¶ 19} Appellees responded by filing a brief in opposition to appellant's motion in which they maintained that based on the village's insurance policy, outside legal counsel was authorized to file an answer on their behalf. Appellees further emphasized that the village council had passed a resolution on February 13, 2001, which was retroactive to January 9, 2001, hiring the law firm of Tomino Latchney to represent them in this matter.[10] Upon consideration, the trial court issued a judgment entry on March 12, 2001, denying appellant's motion for default judgment and to strike appellees' answer.
 {¶ 20} Appellant now challenges this decision in her first assignment of error. Specifically, she contends that a copy of the minutes from the village council meeting shows that the village already had an existing solicitor, Thomas Reitz, to represent appellees.[11] As a result, appellant believes that Attorney Latchney had no authority to appear in appellees behalf, thereby requiring the January 22, 2001 answer to be stricken.
 {¶ 21} Essentially, the question before this court is whether the village council had the authority to hire legal counsel to defend the village and its officials in a civil action when the village already employed a village solicitor. Contrary to appellant's contention, R.C.733.51 is not applicable to the instant matter as this particular statute deals with the powers and duties of a city director of law, not a village solicitor. Rather, R.C. 733.48 expressly authorizes a village council to secure legal counsel:
 {¶ 22} "When it deems it necessary, the legislative authority of a village may provide legal counsel for the village, or for any department or official thereof, for a period not to exceed two years, and provide compensation for such counsel."[12]
 {¶ 23} Such legal counsel's duties are delineated by R.C.705.11, which states:
 {¶ 24} "The village solicitor *** shall act as the legal advisor to and attorney for the municipal corporation, and for all officers of the municipal corporation in matters relating to their official duties. ***"[13]
 {¶ 25} No where in R.C. 733.48 does it bar the village council from retaining outside legal counsel in place of the existing village solicitor. Instead, R.C. 733.48 authorizes the village council to appoint such legal counsel to defend appellees in the instant matter.
 {¶ 26} Even if the village council was prohibited from hiring outside legal counsel, appellant has failed to show any prejudice resulting therefrom. Hence, any error which may have occurred by having appellees represented by legal counsel other than the existing village solicitor was harmless. Civ.R. 61. See, generally, State v. Benner
(1988), 40 Ohio St.3d 301, 317; Bostic v. Connor (1988),37 Ohio St.3d 144, 149 (holding that reversal is not warranted when an error is deemed harmless and no prejudice occurs); Catio v. Zucallo (Nov. 2, 2001), 11th Dist. No. 2000-P-0070, 2001 WL 1388377, at 4. For these reasons, appellant's first assignment of error is without merit.
 {¶ 27} In assignment of error two, appellant contends that the trial court erred in dismissing appellant's request for declaratory judgment. As to this point, we note that appellant's notice of appeal also sought injunctive relief. Thus, according to appellant, declaratory and injunctive relief actions can be joined with a R.C. 737.19(B) appeal.
 {¶ 28} In Community Concerned Citizens, Inc. v. Union Twp. Bd. ofZoning Appeals (1993), 66 Ohio St.3d 452, 454-455, the Supreme Court of Ohio held that a claim for declaratory relief could not be combined with an administrative appeal under R.C. Chapter 2506.01. Since the instant matter constitutes "an administrative related appeal" pursuant to R.C.737.19(B), we believe that the holding announced in Community ConcernedCitizens is persuasive. Accordingly, we hold that combining a claim for declaratory and/or injunctive relief in a R.C. 737.19(B) appeal is impermissible. Appellant's second assignment of error is, therefore, without merit.
 {¶ 29} In her third assignment of error, appellant submits that the trial court erred in determining that the village council's action of upholding appellant's termination solely by way of passing a motion was proper. To support her position, appellant cites to R.C. 731.08, 731.17, and 731.21. Appellant also relies on Woods v. Bettsville (Sept. 15, 1983), 3d Dist. No. 13-82-37, 1983 WL 7338, to bolster her argument that the village council should have affirmed Mayor Bielecki's decision to terminate her employment by an ordinance or a resolution.
 {¶ 30} In Woods, the plaintiff was employed as a police officer for the village of Bettsville. During a village council meeting, a motion was passed to lay off the plaintiff "due to the lack of operating funds."Id. at 2. Upon consideration, the Third Appellate District determined that such action by the village council was inappropriate:
 {¶ 31} "We find nothing in the Ohio statutes permitting action by a village council to terminate a policeman's employment or to lay him off indefinitely by a motion approved by council and, in our opinion, since such lay off would not be of a general and permanent nature and was not for cause action by village council could be taken by the adoption of a resolution to such effect as contrasted with an ordinance." Woods at 2.
 {¶ 32} This court, however, does not find the holding announced in Woods to be persuasive. This is because a review of R.C. 731.08, 737.17
and 731.21 fails to indicate that the village council was required to terminate appellant's employment as a police dispatcher by resolution and/or ordinance, as opposed to a motion.[14] Furthermore, this court is unaware of any statutory authority requiring the termination of appellant's employment by way of resolution and/or ordinance. Accordingly, appellant's third assignment of error is not well taken.
 {¶ 33} In assignment of error four, appellant raises a procedural due process argument. Specifically, appellant maintains that she was entitled to a pre-termination hearing before Mayor Bielecki could make her decision to affirm Chief Lombardi's recommendation of discharge.
 {¶ 34} R.C. 737.19 contains a comprehensive plan for meeting the basic due process concepts of notice, the right to be heard, and the right to appeal. R.C. 737.19(B) includes due process procedures which specifically require that written notice of charges against an employee of the village police department be served on him/her. That was done in this case.
 {¶ 35} Furthermore, when the mayor removes an employee, he/she has the right to a hearing before the village legislative authority to appeal the mayor's decision. R.C. 737.19(B). Again, that procedure was followed here.
 {¶ 36} Finally, if the legislative authority affirms the removal, the employee has the right to appeal to the common pleas court. Id. When the village council affirmed Mayor Bielecki's decision, appellant appealed to the Portage County Court of Common Pleas, which also affirmed her removal.
 {¶ 37} The preceding discussion highlights that each of the statutory procedures contained in R.C. 737.19(B) to provide due process were followed in this case. As such, appellant was afforded due process pursuant to Cleveland Bd. of Ed. v. Loudermill (1985), 470 U.S. 532. Therefore, appellant's fourth assignment of error has no merit.
 {¶ 38} Under her fifth assignment of error, appellant takes issue with the trial court granting appellees' motion for a two-day enlargement of time. She argues that appellees were given an ex parte extension of time to file their brief in opposition to appellant's motion for judgment, which allowed them to unfairly interject a "partial record."
 {¶ 39} A review of the record, however, shows that the trial court's March 20, 2001 judgment entry granting appellees a two-day extension was, indeed, mailed to appellant's counsel on March 21, 2001. Accordingly, appellant received notice of the extension. Likewise, the certificate of service attached to appellees' motion for enlargement of time indicated that their motion was sent "via facsimile U.S. Mail" [sic] to appellant's counsel on March 19, 2001. Thus, contrary to appellant's contention, she had notice of both appellees' motion for enlargement of time and the trial court's grant of such an extension.
 {¶ 40} Furthermore, any prejudice caused by the trial court granting appellees' motion for extension of time was harmless. This is because appellant requested and received her own five-day enlargement of time to file a response to appellees' brief in opposition to appellant's motion for judgment and motion for summary judgment. Therefore, appellant's fifth assignment of error is meritless.
 {¶ 41} In assignment of error six, appellant contends that paragraphs four, five, six, seven, eleven, fourteen, and fifteen of Chief Lombardi's affidavit should have been stricken because Chief Lombardi failed to properly authenticate certain documents attached as exhibits to appellees' brief in opposition to appellant's motion for judgment and motion for summary judgment.[15]
 {¶ 42} Even if the trial court erred in failing to strike certain paragraphs contained in Chief Lombardi's affidavit, such error was harmless because some of the documents referred to in Chief Lombardi's affidavit were already made part of record by appellant prior to the filing of this affidavit. These documents included the minutes from the village council meeting held on December 12, 2000, a copy of Chief Lombardi's written notice of suspension and notification of formal charges to appellant, and a copy of Mayor Bielecki's decision to uphold the discharge of appellant. For these reasons, appellant's sixth assignment of error is without merit.
 {¶ 43} Finally, in her seventh assignment of error, appellant argues that the trial court erred in denying her motion for summary judgment. She maintains that appellees failed to provide any evidence that they had complied with the proper procedures when terminating her employment. Appellant also argues that her conduct did not warrant termination of her employment as "[appellees] never came forward with any evidence that any policy or rule required dispatching anyone within a certain amount of time."
 {¶ 44} As we noted earlier in this opinion, because this case was brought pursuant to R.C. 737.19(B), summary judgment was not an available option. Accordingly, the trial court should have limited its consideration of appellant's claims for wrongful discharge and procedural due process violations as arguments in support of her administrative appeal and not as separate causes of action entitling her to damages. Similar to a request for declaratory relief, claims involving matters other than those directly related to the administrative decision cannot be combined with an appeal from that decision. Community Concerned Citizens, supra. In other words the only question for the trial court to answer was whether the village council's decision to affirm Mayor Bielecki's judgment terminating appellant's employment was supported by the record.
 {¶ 45} If appellant wanted to assert individual claims for wrongful discharge and for violations of her right to procedural due process, she should have pursued a separate action. Having failed to do so, the trial court was able to consider these arguments only in the context of the administrative appeal. As a result, the trial court should have dismissed that portion of appellant's appeal seeking damages for appellees' actions in this case, rather than grant appellees summary judgment, as any claim for damages was not properly before the court at that time.
 {¶ 46} In light of this, the trial court's decision granting appellees summary judgment was improper. Appellant's seventh assignment of error has merit to the limited extent indicated.
 {¶ 47} Pursuant to the foregoing analysis, appellant's first, second, third, fourth, fifth, and sixth assignments of error are without merit. Appellant's seventh assignment of error, however, has merit to the limited extent indicated. The judgment of the trial court, therefore, is affirmed in part and reversed in part, and the matter is remanded so that the trial court can enter a dismissal with respect to appellant's claims for wrongful discharge and for violations of her right to procedural due process.
WILLIAM M. O'NEILL and CYNTHIA WESTCOTT RICE, JJ., concur.
[1] In her capacity as a dispatcher with the Hiram Police Department, appellant was also responsible for dispatching the village fire department.
[2] These facts appeared in the written notice of suspension and notification of formal charges Chief Lombardi prepared and gave to appellant.
[3] This document was submitted by appellant with her notice of appeal to the trial court.
[4] This document was attached to appellees' March 21, 2001 brief in opposition to appellant's motion for judgment and motion for summary judgment.
[5] This document was also submitted with appellant's notice of appeal to the trial court.
[6] These facts were reflected in the minutes from the village council meeting held on December 12, 2000, and filed by appellant with the trial court on February 1, 2001.
[7] As an aside, we note that a transcript of the hearing conducted before the village council was not filed with the trial court.
[8] In her notice of appeal to the trial court, appellant attempted to set forth separate claims for wrongful discharge and procedural due process violations. These "claims", however, merely represented the basis for appellant's R.C. 737.19(B) appeal. As such, this court will not treat these arguments as claims, but rather as grounds for supporting appellant's appeal. This issue will be discussed in greater detail later in the opinion.
[9] During the proceedings below, the parties improperly styled their briefs as motions for summary judgment. As noted earlier, appellant did not bring separate claims for wrongful discharge and for violations of her right to procedural due process. Instead, appellant's appeal to the trial court was predicated on R.C. 737.19(B), and basically challenged the decision of the village council to uphold appellant's termination. As such, summary judgment was not an available option because under R.C.737.19(B), the trial court was required to conduct "an independent judicial examination and determination of conflicting issues of fact andlaw." (Emphasis added.) Heatwall v. Boston Hts. (1990),68 Ohio App.3d 96, 98.
[10] Thereafter, appellant filed a reply brief on March 12, 2001, while appellees filed a sur-reply to appellant's reply brief on March 14, 2001.
[11] Appellant filed a copy of the minutes from the village council meeting with the trial court on February 1, 2001.
[12] "Although R.C. 733.48 does not use the term `village solicitor' when referring to legal counsel for a village, the use of the term `village solicitor' in R.C. 705.11 impliedly recognizes that the legal counsel under R.C. 733.48 is called `village solicitor.'" (Citation omitted.) 1989 Ohio Atty.Gen.Ops. No. 2-27.
[13] "The nature of the village solicitor's position is that of contractual employee and not of a public office." Id.
[14] R.C. 731.08 outlines the legislative authority of a city, not a village:
"Except as otherwise provided in Title VII of the Revised Code, the legislative authority of a city, by ordinance or resolution, shall determine the number of officers, clerks, and employees in each department of the city government, and shall fix, by ordinance or resolution, their respective salaries and compensation, and the amount of bond to be given for each officer, clerk, or employee in each department of the government, if any is required. Such bond shall be made by such officer, clerk, or employee, with surety subject to the approval of the mayor."
R.C. 731.17 sets forth the following procedure for the passage of an ordinance and a resolution:
"(A) The following procedures shall apply to the passage of ordinances and resolutions of a municipal corporation:
"(1) Each ordinance and resolution shall be read by title only, provided the legislative authority may require any reading to be in full by a majority vote of its members.
"(2) Each ordinance or resolution shall be read on three different days, provided the legislative authority may dispense with this rule by a vote of at least three-fourths of its members.
"(3) The vote on the passage of each ordinance or resolution shall be taken by yeas and nays and entered upon the journal.
"(4) Each ordinance or resolution shall be passed, except as otherwise provided by law, by a vote of at least a majority of all the members of the legislative authority.
"(B) Action by the legislative authority, not required by law to be by ordinance or resolution, may be taken by motion approved by at least a majority vote of the members present at the meeting when the action is taken."
Furthermore, R.C. 731.21(A) requires the publishing of an ordinance and a resolution:
"Notwithstanding any conflicting provision of section 7.12 of the Revised Code, each municipal ordinance or resolution, or a succinct summary of each municipal ordinance and resolution, and all statements, orders, proclamations, notices, and reports required by law or ordinance to be published shall be published ***[.]"
[15] A review of the record shows that appellees attempted to properly authenticate the documents referred to in Chief Lombardi's affidavit by filing a second affidavit on April 20, 2001. Therein, Chief Lombardi averred and expounded on his personal knowledge as to several of these documents.