**SEDLACK, Appellant,**

v.

**PALM, Appellee.**

[Cite as *Sedlak v. Palm*, 189 Ohio App.3d 135, 2010-Ohio-3924.]

Court of Appeals of Ohio,
Sixth District, Erie County.

No. E–09–072.

Decided Aug. 20, 2010.

Barbara J. Rogachefsky, for appellant.

Deborah L. Wood, for appellee.

Osowik, Presiding Judge.

{¶ 1} This is an appeal from a judgment of the Erie County Court of Common Pleas, Domestic Relations Division, that adopted a magistrate's decision as to matters of the parties' visitation rights with their minor child. For the reasons that follow, the judgment is reversed, and this matter is remanded to the trial court for further proceedings.

{¶ 2} Appellant, Melissa Sedlack, n.k.a. Tillinghast ("the mother"), sets forth the following assignments of error:

{¶ 3} "I. Appellee's counsel and the magistrate engaged in an ex parte conversation regarding the substance of the magistrate's decision to the prejudice of appellant.

{¶ 4} "II. The trial court erred in modifying the stipulations of the parties in its decision and order.

{¶ 5} "III. The trial court failed to apply the factors contained in Ohio Revised Code § 3109.051 and the trial court failed to consider the child's wishes in determining the best interests of the child."

{¶ 6} The undisputed facts relevant to the issues raised on appeal are as follows.

{¶ 7} The parties were divorced in 1997 and are the parents of one minor child. The mother, who lives in Erie County, Ohio, is the residential and custodial parent of the child; the father, a resident of Texas, was granted parenting time. In September 2008, the father filed a motion requesting modifications of an October 2006 judgment regarding parental rights and responsibilities. The mother then filed a motion requesting a modification of the father's parenting time and an in camera interview of the minor child, then 11 years old. A magistrate interviewed the child on February 23, 2009, immediately prior to the commencement of the hearing on the motions. The magistrate's decision was filed on July 8, 2009; on July 22, 2009, the mother filed objections and a motion for a new trial. On September 10, 2009, the trial court issued a judgment entry denying the motion for a new trial and adopting the magistrate's decision. The mother filed an appeal to this court from the trial court's judgment.

{¶ 8} In her first assignment of error, the mother asserts that on an undetermined date following the hearing, the magistrate contacted the father's attorney and engaged in an ex parte communication regarding the substance of

the magistrate's findings and decision. The mother further asserts that the magistrate asked the father's attorney to draft the decision, which the mother claims was done. The mother claims that at no point did the magistrate contact her attorney to discuss the findings and review the draft decision, or to inform her of the magistrate's request that the father's attorney prepare the decision.

{¶ 9} The father does not dispute the mother's claim that ex parte contact occurred between the magistrate and the father's counsel during the time between the conclusion of the hearing and the release of the decision. In response, the father merely states that after both parties submitted written closing arguments, the magistrate "instructed counsel to provide him with a draft of an opinion." The father states that there was no "conversation" between counsel and the magistrate and that the magistrate contacted his attorney via e-mail "to facilitate any changes the Magistrate might want to make * * *."

{¶ 10} We note preliminarily that both parties refer in their appellate briefs to a complaint concerning this matter that the mother's counsel filed with the Disciplinary Counsel of the Supreme Court of Ohio. According to the father, the matter was investigated and eventually dismissed. The father argues on appeal that because the Disciplinary Counsel has already ruled on the complaint, it is not appropriate for the mother to raise the issue of the ex parte communication now. There is no dispute that the mother's claim of an inappropriate communication between the magistrate and the father's counsel was brought before the Disciplinary Counsel. However, that complaint and the resulting ruling are not a part of the record before this court and cannot be considered as we evaluate the merits of the mother's first assignment of error.

{¶ 11} The mother asserts that the judgment entry must be vacated based on the Ohio Supreme Court's decision in *State v. Roberts*, 110 Ohio St.3d 71, 2006-Ohio-3665, 850 N.E.2d 1168. In *Roberts*, the prosecutor assisted the trial court in drafting the findings of fact for a death sentence without the knowledge of defense counsel. In its decision, the Supreme Court stated: "[O]ur confidence in the trial court's sentencing opinion is undermined by the fact that the trial judge directly involved the prosecutor in preparing the sentencing opinion and did so on an ex parte basis." Id. at ¶ 159. The court found that "[t]he trial court's consultation with the prosecutor, particularly when undertaken without the knowledge or participation of defense counsel, can neither be ignored nor found to be harmless error." Id. at ¶ 162. Thus, *Roberts* vacated the death sentence and remanded the case for resentencing and drafting of a new sentencing opinion. In so doing, the court stated: "We cannot cure the deficiencies in the preparation of the sentencing opinion by our own independent assessment. * * * The trial court's decision to use the prosecutor in preparing the sentencing opinion constitutes a grievous violation of the statutory deliberative process. It is so

severe a violation that independent reweighing cannot serve as an adequate remedy." Id. at ¶ 162–163.

{¶ 12} A magistrate alone is charged with preparing a decision respecting any matter referred under the Rules of Civil Procedure. See Civ.R. 53(D)(3)(a). It is undisputed in this matter that the magistrate contacted the father's counsel regarding preparation of the decision. Upon consideration of the foregoing, we find that the magistrate's decision to involve the father's counsel in preparing the decision without opposing counsel's knowledge constituted a "grievous violation of the deliberative process." It is immaterial whether the contact between the magistrate and the father's counsel in this case occurred by way of e-mail, as the father claims, or by way of personal conversation. A blatant instance of ex parte communication took place at a crucial point in the judicial process, ultimately undermining this court's confidence in the impartiality of the magistrate's decision. Accordingly, appellant's first assignment of error is well taken.

{¶ 13} Based on our finding as to appellant's first assignment of error and our decision to remand this matter for further proceedings, appellant's second and third assignments of error are found to be moot.

{¶ 14} On consideration whereof, the judgment of the Erie County Court of Common Pleas, Domestic Relations Division, is reversed, and the cause is remanded for further proceedings consistent with this decision. This matter shall be assigned to a magistrate other than the magistrate who signed the July 8, 2009 decision in this matter. On remand, the magistrate shall personally review and evaluate the evidence and prepare a new decision as to the issues brought before it by the parties. Thereupon, the parties shall have 14 days from the date the decision is filed to file written objections pursuant to Civ.R. 53(D)(3)(b). Costs of this appeal are assessed to appellee pursuant to App.R. 24.

Judgment reversed
and cause remanded.

SINGER and COSME, JJ., concur.