[Cite as *Cummins v. Minster*, 2015-Ohio-4129.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

KIRBY C. CUMMINS, II,

    APPELLANT,

    v.

VILLAGE OF MINSTER, OHIO, ET AL,

    APPELLEES.

CASE NO. 2-14-15

O P I N I O N

Appeal from Auglaize County Common Pleas Court
Civil Division
Trial Court No. 2014-CV-64

**Judgment Affirmed**

**Date of Decision:  October 5, 2015**

APPEARANCES:

    *Matthew C. Schultz* **for Appellant**

    *James G. Petrie* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Plaintiff-appellant Kirby C. Cummins, II ("Cummins") brings this appeal from the judgment of the Court of Common Pleas of Auglaize County affirming the decision of the Minster Village Council approving his discharge. Judgment was granted in favor of defendant-appellee Village of Minster, Ohio. For the reasons set forth below, the judgment is affirmed.

{¶2} In June of 2007, Cummins was hired by the Minster Police Department as a patrol officer and was promoted to Sergeant in the fall of 2008. Feb. 5, 2014 Tr. at 133, 159. Cummins had no issues with discipline until December of 2013 when four of his co-workers accused him of various acts of wrongdoing. *Id.* at 161-162 and Ex. A-E. On December 17, 2013, Cummins was suspended with pay pending investigation of the allegations. Feb. 5, 2014 Tr. at 163. Mayor Dennis Kitzmiller ("Kitzmiller") terminated Cummins employment on December 24, 2013. Ex. 5. Cummins appealed this decision and raised several procedural errors regarding due process violations. Ex. 6. On January 2, 2014, the termination was rescinded, and Cummins was recharged with the same alleged acts of wrongdoing. Ex. 8. On January 10, 2014, Kitzmiller again terminated Cummins' employment. Ex. H. Kitzmiller based the termination on Cummins gross neglect of duty, failure to obey a directive of the Chief, and violations of policies of the Village. Ex. 12.

{¶3} Cummins then appealed this termination to the Village Council. Ex. 12. A hearing was held before the Council on February 4 and 5, 2014. The Council considered the appeal during its meeting of March 24, 2014. Mar. 24, 2014 Tr. at 4. During this consideration, the attorney who had prosecuted the case on behalf of Kitzmiller and the Village, James Petrie ("Petrie"), and Kitzmiller himself were permitted to participate in the deliberations. Doc. 69. The Council then adopted the findings of fact prepared by the attorney and affirmed the discharge. Mar. 24, 2014 Tr. at 5-14.

{¶4} On April 2, 2014, Cummins filed a notice of appeal of this decision in the Auglaize County Common Pleas Court. Doc. 1. Hearings were held on the matter on May 6, August 15, and September 24, 2014. However, a new trial was not held. The trial court instead relied upon the hearings from which the appeal was taken. Doc. 71. On October 6, 2014, the trial court issued its judgment affirming the termination of Cummins. *Id.* Cummins filed his notice of appeal from this judgment on October 27, 2014. Doc. 75. On appeal, Cummins raises the following assignments of error.

## First Assignment of Error

**The trial court erred by affirming the decision of the Minster Village Council approving [Cummins'] discharge, despite violations of [Cummins'] due process rights.**

## Second Assignment of Error

**The trial court erred by affirming the decision of the Minster Village Council approving [Cummins'] discharge, because the allegations and the evidence against Appellant did not merit discharge.**

{¶5} In the first assignment of error, Cummins claims that his due process rights were violated. Cummins appealed the judgment of the Village Council to the trial court pursuant to R.C. 737.19(B).

**(B) Except as provided in section 737.162 of the Revised Code, the marshal of a village has the exclusive right to suspend any of the deputies, officers, or employees in the village police department who are under the management and control of the marshal for incompetence, gross neglect of duty, gross immorality, habitual drunkenness, failure to obey orders given them by the proper authority, or for any other reasonable or just cause.**

**If an employee is suspended under this section, the marshal immediately shall certify this fact in writing together with the cause for the suspension, to the mayor of the village and immediately shall serve a true copy of the charges upon the person against whom they are made. Within five days after receiving this certification, the mayor shall inquire into the cause of the suspension and shall render a judgment on it. If the mayor sustains the charges, the judgment of the mayor may be for the person's suspension, reduction in rank, or removal from the department.**

**Suspension of more than three days, reduction in rank, or removal from the department under this section may be appealed to the legislative authority of the village within five days from the date of the mayor's judgment. The legislative authority shall hear the appeal at its next regularly scheduled meeting. The person against whom the judgment has been rendered may appear in person and by counsel at the hearing,**

> **examine all witnesses, and answer all charges against that person.**
>
> **At the conclusion of the hearing, the legislative authority may dismiss the charges, uphold the mayor's judgment, or modify the judgment to one of suspension for not more than sixty days, reduction in rank, or removal from the department.**
>
> **Action of the legislative authority removing or suspending the accused from the department requires the affirmative vote of two-thirds of all members elected to it.**
>
> **In the case of removal from the department, the person so removed may appeal on questions of law and fact the decision of the legislative authority to the court of common pleas of the county in which the village is situated. The person shall take the appeal within ten days from the date of the finding of the legislative authority.**

*Id*. The village marshal is the designated chief of police. R.C. 737.15. The language "appeal on questions of law and fact", as used in the Revised Code, unless a context requires a different meaning, "means a rehearing and retrial of a cause upon the law and the facts." R.C. 2505.01. Appeals of questions of law and fact are "in all respects a trial de novo." *Cupps v. City of Toledo*, 172 Ohio St. 536, 179 N.E.2d 70 (1961).

{¶6} The standard of review for appeals pursuant to R.C. 737.19(B) is disputed in Ohio and has not been addressed by this court. In *Summers v. Village of Highland Heights,* 8th Dist. Cuyahoga No. 74437, 1999 WL 561544 (July 29, 1999), the appellant appealed to the common pleas court the decision of the Village of Highland Hills Personnel Board to affirm the decision of the mayor to

terminate him. On appeal, the common pleas court determined that the Village's judgment was not against the manifest weight of the evidence. The court of appeals affirmed this decision based upon the language of R.C. 2506.04 which provided for an abuse of discretion standard of review. *Id*. at *2.

{¶7} In *Stephen v. Village of Barnesville, Ohio*, 7th Dist. Belmont No. 97 BA 12, 1999 WL 669491 (Aug. 20, 1999), the appellant brought an appeal to the common pleas court after being terminated pursuant to R.C. 737.19(B). The Seventh District Court of Appeals determined that the standard of review of the common pleas court was a de novo one, where the trial court weighed the evidence in the record and could, in its discretion accept additional evidence. *Id*. at *3. The Appellate Court determined that the same standards used in R.C. 124.34, which addresses the removal of officers via the civil services commission should be applied to those in R.C. 737.19. The Appellate Court then held that the trial court's de novo review of the record was sufficient and affirmed the judgment.

{¶8} A third standard of review was set forth by the Ninth District Court of Appeals in *Heatwall v. Village of Boston Heights*, 68 Ohio App.3d 96, 587 N.E.2d 440 (9th Dist. 1990). In *Heatwall*, the appellant appealed from the judgment of the Village. The common pleas court granted a motion for summary judgment based upon the prior record. The Ninth District Court of Appeals held that the correct standard of review is a trial de novo, which precludes summary judgment. *Id*.

Likewise, the Fourth District Court of Appeals determined that the appropriate standard of review for appeals from R.C. 737.19(B) is a de novo trial.[1]  *Goins, supra.*

{¶9} Additionally, R.C. 124.34(C), which also deals with the termination of police officers, sets forth the same appellate standard in the common pleas court, i.e. on questions of law and fact.  The Tenth District Court of Appeals has reviewed the standard of review for R.C. 124.34(C) and indicated that it has a different standard of review than R.C. 124.34(B).  *Bryant v. Hamilton Civ. Serv. Comm.*, 10th Dist. Franklin No. CA2008-10-243, 2009-Ohio-3676.  Although R.C. 124.34(B) uses an abuse of discretion standard, R.C. 124.34(C), which deals with the termination of members of police or fire departments, requires a de novo trial.  *Id.* at ¶17.

> **In a trial de novo, the common pleas court independently examines the record as it appeared before the commission. * * * The court has the discretion to permit a party to supplement the record with additional evidence if it so chooses.* * * Unlike some other administrative appeals, the common pleas court is empowered to substitute its own judgment for that of the commission. * * * The burden of proof during such a trial is placed on the appointing authority, which must prove the truth of the charges against the terminated employee by a preponderance of the evidence.**

---

[1] Courts routinely have held that a de novo trial means to review the record below and, if desired by the trial court, to accept additional information.  However, the statute requires a "rehearing" and a "retrial".  Whether the procedures currently accepted actually complies with what the statute requires has not been specifically addressed by the courts  As it has not been raised on appeal, this court will not address it at this time either.

*Id.* at ¶19. A trial de novo is mandatory in cases where the appeal is based upon questions of law and fact, such as R.C. 124.34(C) and R.C. 737.19. *Id.* at ¶30.

**{¶10}** Recently, the Supreme Court of Ohio addressed the proper standard of review for a trial court regarding the review of a decision from the civil service commission. *Westlake Civ. Serv. Comm. V. Pietrick*, 142 Ohio St.3d 495, 2015-Ohio-961, 33 N.E.3d 18. In *Westlake*, the civil service commission appealed the judgment of the common pleas court modifying the discipline of a fire captain from a demotion and suspension to just a 30 day suspension. The commission appealed the judgment to the Eighth District Court of Appeals pursuant to R.C. 124.34 challenging the modification of the discipline and claiming that the trial court had used the wrong standard of review by conducting a de novo review. The Eighth District Court of Appeals affirmed the judgment and the commission appealed to the Supreme Court of Ohio. The Court held that because R.C. 124.34(C) provides for review of questions of fact and questions of law, the appropriate standard of review was de novo. *Id.* at ¶24. The Court then held that "[a]n appeal on questions of law and fact is 'a rehearing and retrial of a cause upon the law and facts.'" *Id.* citing R.C. 2505.01(A)(3).

**{¶11}** Although the appeal in *Westlake* was brought under R.C. 124.34 and not R.C. 737.19(B), the language used in both statutes is the same. Thus the holding in *Westlake* provides this court with guidance as to the proper standard of review. Based upon the plain language of the statute and the guidance provided in

*Westlake*, this court holds that the appropriate standard of review for the common pleas court is a de novo trial. The language used in R.C. 737.19(B) states that the review will be one on questions of facts and law. R.C. 2505.01 defines this as a rehearing and a retrial. Although R.C. 2506.04 may set forth a different standard of review, that standard is for appeals from orders of administrative officers, not appeals from Village Councils. See R.C. 2506 et al. Village Councils are not administrative officers and the standard of review is set forth in the statute and defined by R.C. 2505.01.

{¶12} Cummins first claims that his due process rights were violated when Petrie and Kitzmiller, along with the Village Administrator, Don Harrod, and the Village Solicitor, James Hearn, participated in the deliberations of the Village Council while reviewing the decision of Kitzmiller while counsel for Cummins was excluded from the deliberations. "A fair trial in a fair tribunal is a requirement of due process." *In re Murchison*, 349 U.S. 133, 136, 75 S.Ct. 623, 99 L.Ed. 942 (1955). For a fair trial to exist, even the probability of unfairness must be avoided. *Id.* "To this end no man can be a judge in his own case and no man is permitted to try cases where he has an interest in the outcome." *Id.* To fail to avoid even the appearance of bias is a denial of due process of law. *Id.* This rule also applies to cases heard before administrative agencies functioning in an adjudicatory manner as well. *Withrow v. Larkin*, 421 U.S. 35, 47, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975).

-9-

{¶13} In this case, the Village Council was hearing the appeal of Kitzmiller's decision and was expected to act as an unbiased entity. Petrie was hired to present the case to the Council on behalf of Kitzmiller, and was acting as an attorney for a party. Hearn was the hearing officer who conducted the investigation. All three of these entities were responsible for bearing the burden of proof before the Council and thus had an interest in the outcome of the hearing. Clearly, allowing these three to participate in the deliberations of Council as to whether to approve Kitzmiller's decision while excluding Cummins has an appearance of unfairness. This would be no different than allowing the prosecutor to participate in the deliberations of a jury or allowing a trial court judge to participate in the appellate review. The trial court in this case found no error because the Mayor is required to preside over the Council and the Village has the right to the advice of legal counsel. While the village may have the right to the advice of legal counsel, that counsel should not both act as the prosecutor for the claim and act as legal counsel to the Council discussing the validity of the claim which he just prosecuted. See *Harmon v. City of Dayton*, 2d Dist. Montgomery No. 15555, 1996 WL 417101, (July 26, 1996). The trial court claims there was no error because the Council already knew the position of Petrie before conferring with him. The fact that the Council already knew the argument does not mean that Petrie should have participated in the deliberations. "[I]f ex parte communications are considered by the decision-maker without notice to the accused or opportunity

for the accused to respond, then due process is violated." *In re Swader*, 12th Dist. Warren No. CA2000-04-036, 2001-Ohio-4191. Here, Kitzmiller, whose decision was the subject of the appeal, and Petrie both participated in the closed deliberations of the Village Council over the objection of Cummins and Cummins was excluded. That makes the participation ex parte. Cummins was entitled to a fair and unbiased hearing, regardless of who was conducting it and that includes avoiding the appearance of bias as well. This is especially true when deliberations are held in executive session and there is no way for a party to determine whether there was actual bias.

{¶14} In determining that there was no violation of Cummins due process rights, the trial court cites *Hutchinson v. Wayne Township Board of Zoning Appeals*, 12th Dist. Butler No. CA2012-02-032, 2012-Ohio-4103. However in *Hutchinson*, the issue was whether due process was violated when a board member performed an extra-judicial investigation into the number of cars traveling along a road. The board member then made statements at the hearing as to what she learned. That is a very different scenario than allowing the person whose decision is being reviewed on appeal and the counsel prosecuting the claim from being allowed to participate in the deliberations. The trial court claims that since this was not an appeal from an administrative agency, but rather an appeal to a legislative body, the same standards of due process do not apply. The trial court does not give any reasoning for this other than the fact that the legislature allows

for a de novo trial.[2] However, when a legislative body takes on a quasi-judicial task, i.e. hearing an appeal of a decision by the executive branch, logic dictates that the hearing should be unbiased regardless of the branch of government overseeing the appeal. The U.S. Supreme Court has stated that "any tribunal permitted by law to try cases and controversies not only must be unbiased but also must avoid even the appearance of bias." *Commonwealth Coatings Corp. v. Continental Cas. Co.*, 393 U.S. 145, 150, 89 S.Ct. 337, 21 L.Ed.2d 301 (1968) (holding that decision by arbitrator from arbitration board with appearance of impropriety must be set aside even though there was no evidence of bias by the arbitrator). Even the holding in *Hutchinson* acknowledges that ex parte communication is a violation of due process. *Id*. The decision was affirmed because the appellant had not objected at the hearing and the matter was reviewed pursuant to a plain error standard. That is not the case before this court as Cummins objected to the ex parte participation of Kitzmiller and Petrie. Since there was ex parte communication between Kitzmiller, Petrie, and the Village Council, Cummins due process rights were violated and the trial court erred by finding that they were not.

{¶15} However, although Cummins' due process rights were violated, the decision of the trial court need not automatically be reversed. In this case, the

---

[2] While this may have some logic for appeals subject to R.C. 2506, it does not address the fact that ex parte communication would be prohibited on administrative appeals from the civil service commission pursuant to R.C. 124.34, which also provides for de novo review for disciplinary actions against firemen and police officers.

only alleged ex parte communications took place during the deliberations, not during the hearing itself. The trial court conducted a de novo review of the record and held a hearing for additional evidence. Additionally, the parties submitted a stipulation of the facts. The Supreme Court of Ohio has held that when a de novo review is conducted and that review is not affected by the ex parte communications, then any error is harmless. *In re Investigation of Natl. Union Fire Ins. Co. of Pittsburgh Pa.*, 66 Ohio St.3d 81, 88, 1993-Ohio-184, 609 N.E.2d 156. Since the trial court conducted an independent review of the record and the record was not tainted by any ex parte communication, any error resulting from the due process violation would be harmless. The first assignment of error is overruled.

{¶16} In the second assignment of error Cummins claims that the allegations against him did not merit discharge. Although the trial court's standard of review was de novo, the standard of review to be utilized by this court is more limited. The appellate court reviews the decision of the trial court under an abuse of discretion standard. *Westlake, supra* at ¶29.

> **"Under an abuse of discretion standard, a lower court decision will not be reversed for mere error, but only when the court's decision is unreasonable, arbitrary, or unconscionable."** *Morrow v. Becker,* **138 Ohio St.3d 11, 13, 2013-Ohio-4542, 3 N.E.2d 144 ¶ 9. A reviewing court must be deferential in considering whether a lower court abused its discretion: "It is not sufficient for an appellate court to determine that a trial court abused its discretion simply because the appellate court might not have reached the same conclusion or is, itself, less persuaded by the**

> **trial court's reasoning process than by the countervailing arguments."** *State v. Morris*, **132 Ohio St.3d 337, 2012-Ohio-2407, 972 N.E.2d 528, ¶ 14[.]**

*Id*. at ¶36. "If there is some competent, credible evidence to support the trial court's decision, there is no abuse of discretion." *Middendorf v. Middendorf*, 82 Ohio St.3d 397, 401, 696 N.E.2d 575 (1998).

{¶17} Here, the trial court found that Cummins had engaged in behavior that constituted gross neglect of duty, insubordination, malfeasance and misfeasance. JE, 28-29. The trial court specifically found that 1) on multiple occasions, Cummins had allowed his mistress to ride in his cruiser for four to six hours; 2) while on patrol, Cummins would leave his vehicle for various periods of time to be with his mistress; 3) Cummins continued to smoke in his patrol car on multiple occasions after a policy was put in place prohibiting such acts; 4) Cummins used the janitor's sink in the garage as a urinal; 5) Cummins complained to subordinates about other officers whom he suspected of reporting his behavior to the chief; and 6) Cummins made racial epithets repeatedly. *Id*. at 23-27. These findings were supported by the testimony of the mistress, other officers, the statements made by Cummins at the first hearing, and the exhibits provided by the parties. Feb. 4, 2014 Tr., Feb. 5, 2014 Tr., and Exhibits. Based upon this behavior, the trial court determined that Cummins' conduct had "imperiled his state of readiness to such an extent that it amounted to gross neglect of duty." *Id.* at 27. The trial court also determined that the failure to obtain the waivers in

violation of policy and spending time with his mistress while on duty was gross neglect of duty. *Id*. at 28. Additionally, the failure to abide by a directive from the chief forbidding smoking in the patrol car and complaining about the policy to his subordinates was insubordination and malfeasance. *Id*. The trial court then determined that the Village Council had met its burden of proof and determined that Cummins should have been terminated. *Id*. at 30. Although there was evidence contradicting the findings of the trial court, there was also competent, credible evidence supporting the findings. Since the decision of the trial court is supported by some competent, credible evidence, the trial court did not abuse its discretion in finding that the evidence supported the termination of Cummins. The second assignment of error is overruled.

{¶18} Having found no prejudicial error in the particulars assigned and argued, the judgment of the Court of Common Pleas of Auglaize County is affirmed.

*Judgment Affirmed*

**ROGERS, P.J. concurs in Judgment Only**

**PRESTON, J., concurs.**

**/hlo**