[Cite as *State v. Pickens*, 2016-Ohio-5257.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-130004 |
| | | TRIAL NO. B-0905088 |
| Respondent-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| MARK PICKENS, | : | |
| Petitioner-Appellant. | : | |


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  August 5, 2016


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Philip R. Cummings,* Assistant Prosecuting Attorney, for Respondent-Appellee,

*Kathryn L. Sandford* and *Allen M. Vender*, Assistant Ohio Public Defenders, for Petitioner-Appellant.

Per Curiam.

{¶1} Petitioner-appellant Mark Pickens appeals the Hamilton County Common Pleas Court's judgment dismissing his R.C. 2953.21 petition seeking postconviction relief from his aggravated-murder convictions and death sentences. We reverse the court's judgment, because in dismissing the petition upon findings of fact and conclusions of law submitted ex parte by the state, without affording Pickens notice of the submission or an opportunity to respond, the court denied him due process and the deliberative process required under R.C. 2953.21(C).

{¶2} In 2010, Pickens was convicted on three counts of aggravated murder. The trial court, upon the jury's recommendation, imposed for each murder a sentence of death. In 2014, the Ohio Supreme Court affirmed Pickens's convictions. *State v. Pickens*, 141 Ohio St.3d 462, 2014-Ohio-5445, 25 N.E.3d 1023.

{¶3} Pickens had filed with the common pleas court in 2011 a petition under R.C. 2953.21 for postconviction relief. He also moved for discovery and for the funds for neurological testing to aid him in that discovery.

{¶4} On October 31, 2012, the common pleas court conducted a hearing on Pickens's discovery motions and on the state's motion to dismiss Pickens's postconviction petition. Those matters were submitted to the court upon arguments presented at the hearing by the assistant prosecuting attorney and Pickens's counsel and upon pleadings, motions, and responses filed prior to the hearing, including Pickens's postconviction petition and its amendments and attachments, the state's motion to dismiss the petition, and Pickens's reply to the motion to dismiss. On November 5, the common pleas court overruled Pickens's discovery motions. And on December 5, the court filed an entry captioned "Proposed Findings of Fact,

Conclusions of Law, and Entry Dismissing Petition to Vacate."

{¶5} From that entry, Pickens appeals. On appeal, he advances four assignments of error.

### Findings of Fact and Conclusions of Law

{¶6} In his first assignment of error, Pickens contends that the common pleas court's procedure in deciding his postconviction petition denied him the protections afforded by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. He asserts that the court's entry dismissing his petition, captioned "*Proposed* Findings of Fact, Conclusions of Law, and Entry Dismissing Petition to Vacate," demonstrates a total abdication to the state of the court's duty under R.C. 2953.21(C) to "make and file findings of fact and conclusions of law." And he contends that the state's apparent submission to the court of proposed findings of fact and conclusions of law, without notice to him or an opportunity to respond, constituted an improper ex parte communication between the court and the state concerning his postconviction claims. This challenge is well taken.

{¶7} **The common pleas court's duties under R.C. 2953.21.** R.C. 2953.21 et seq. governs the proceedings on a postconviction petition. R.C. 2953.21 empowers the common pleas court to dismiss a timely filed postconviction petition without an evidentiary hearing if, upon consideration of the petition, supporting affidavits, documentary evidence, and the files and records of the proceedings leading to the petitioner's conviction, the court determines that "there are [no] substantive grounds for relief." R.C. 2953.21(C). The statute further requires that the court, in dismissing the petition, "make and file findings of fact and conclusions of law." *Id.*

3

{¶8} The court below did not conduct an evidentiary hearing on Pickens's postconviction petition. At the hearing on the state's motion to dismiss the petition, the court took the matter under submission upon counsel's arguments, the petition and its amendments and attachments, the motion to dismiss, and Pickens's reply to that motion. The court requested nothing more from either party. Specifically, the court did not request, nor did either party offer to submit, proposed findings of fact and conclusions of law.

{¶9} The court then dismissed Pickens's petition by filing an entry captioned "*Proposed* Findings of Fact, Conclusions of Law, and Entry Dismissing Petition to Vacate." (Emphasis added.) Although the state, in its appellate brief, asserts that it "sua sponte offered the proposed findings in conjunction with [its] motion to dismiss Pickens' post-conviction petition," the record does not show that they were filed in the case, attached to any pleading or motion, solicited by the court, or served on opposing counsel. But based on the state's statement in its brief, along with the presence of the word "Proposed" in the caption of the court's entry granting the state's motion to dismiss the petition, we may reasonably conclude that the court adopted verbatim proposed findings of fact and conclusions of law that had been submitted in written form by the state. And from the absence of any suggestion in the record that Pickens knew that the state had provided the court with proposed findings of fact and conclusions of law or that Pickens had been afforded an opportunity to respond or to propose his own, the state's submission can only be said to have been ex parte.

{¶10} ***State v. Roberts***. In *State v. Roberts*, 110 Ohio St.3d 71, 2006-Ohio-3665, 850 N.E.2d 1168, the Ohio Supreme Court vacated Roberts's death

sentence and remanded for resentencing, because its "confidence in the trial court's sentencing opinion [had been] undermined by the fact that the trial judge directly involved the prosecutor in preparing the sentencing opinion and did so on an ex parte basis." *Id.* at ¶ 159. The Supreme Court concluded that the trial court had failed to follow the "proper process," because the "delegation of any degree of responsibility in [its] sentencing opinion does not comply with [the mandate of] R.C. 2929.03(F)," that "the trial court itself will draft the death-sentence opinion," and does not comport with the court's "firm belief that the consideration and imposition of death are the most solemn of all the duties that are imposed on a judge." *Id.* at ¶ 160.

{¶11} This conclusion, the Supreme Court declared, was "compelled particularly in light of the trial court's ex parte communications about sentencing with the prosecutor in preparing the sentencing opinion." *Id.* at ¶ 161. The Supreme Court determined that, because of the trial court's ex parte communications with the prosecutor without defense counsel's knowledge or participation, the trial court's "grievous violation of the statutory deliberative process" could neither be deemed harmless error nor be cured by the Supreme Court's own independent assessment. *Id.* at ¶ 162-163. Accordingly, the Supreme Court vacated Roberts's death sentence and remanded the case for a new sentencing opinion. *Id.* at ¶ 167.

{¶12} ***Roberts** **followed.*** The Sixth Appellate District in *Sedlack v. Palm*, 189 Ohio App.3d 135, 2010-Ohio-3924, 937 N.E.2d 642 (6th Dist.), followed *Roberts* to reverse and remand a domestic relations court's entry adopting a child-visitation decision by a magistrate who, following a hearing on motions to modify visitation, had contacted the father's counsel regarding preparation of the decision,

5

without notice to or input by opposing counsel. The magistrate's contact with the father's counsel was undisputed. And the court found that this "**blatant instance of ex parte communication * * * at a crucial point in the judicial process**" constituted a "grievous violation of the deliberative process" and "undermin[ed] [the] court's confidence in the impartiality of the magistrate's decision." *Id.* at ¶ 12.

{¶13} ___Roberts distinguished.___ Other appellate districts have declined to follow *Roberts* when the record could not be said to demonstrate an ex parte communication. *See, e.g., State v. Reid*, 2d Dist. Montgomery No. 24672, 2012-Ohio-1659, ¶ 16 (holding that an ex parte communication was not demonstrated by "the mere fact" that the trial court, in its entry overruling defendant's public-records request, had incorporated language from the state's opposing memorandum); *State v. Davie*, 11th Dist. Trumbull No. 2007-T-0069, 2007-Ohio-6940, ¶ 12-19 (holding that *Roberts* did not apply, when the record did not demonstrate that the court's opinion sentencing Davie to death was the product of an ex parte communication).

{¶14} Still other appellate districts have found *Roberts* additionally distinguishable based on the procedural posture of the case in *Roberts*—on direct appeal from a death sentence—and that of a case on appeal from the dismissal of a postconviction petition. The Seventh District in *State v. Ahmed*, 7th Dist. Belmont No. 05-BE-15, 2006-Ohio-7069, distinguished *Roberts* in rejecting a challenge to the findings of fact and conclusions of law issued in an entry dismissing a postconviction petition. *Id.* at ¶ 65-73. There, the findings of fact and conclusions of law were drafted by the state, but were not demonstrably the product of an ex parte communication, because the prosecution had filed them with the common pleas court and had served them on the petitioner's counsel, the common pleas court had

afforded the petitioner's counsel the opportunity to file objections or to submit findings of fact and conclusions of law, and counsel had filed objections. *Id.* at ¶ 70. The Seventh District further held that the common pleas court had not violated R.C. 2953.21(C) in adopting the state's findings of fact and conclusions of law, because Ahmed was not denied meaningful appellate review. *Id.* at ¶ 71-73.

{¶15} The Eleventh Appellate District in its October 2010 decision in *State v. Jackson*, 190 Ohio App.3d 319, 2010-Ohio-5054, 941 N.E.2d 1221 (11th Dist.), ordered resentencing for Roberts's partner in the murder of her husband, because the same trial court had employed the same procedure in drafting Jackson's death-sentence opinion that it had employed in drafting Roberts's opinion. But seven months earlier, the Eleventh District had rejected the *Roberts* challenge advanced by Jackson on appeal from the overruling of his Civ.R. 60(B) motion seeking relief from the dismissal of his postconviction petition. *See State v. Jackson*, 11th Dist. Trumbull No. 2008-T-0024, 2010-Ohio-1270 ("*Jackson I*"). The common pleas court had denied Civ.R. 60(B) relief upon its determination that its procedure in drafting the entry dismissing Jackson's postconviction petition with the prosecution's assistance was "permit[ted] [under R.C. 2953.21] * * * even in a death case." *Id.* at ¶ 20. And the record showed that Jackson had known of the state's involvement in drafting the entry, because he filed with the common pleas court a motion "requesting [that] the court not delegate [that] judicial function." *Id.* at ¶ 21. Thus, the findings of fact and conclusions of law dismissing Jackson's postconviction petition were not the product of an ex parte communication between the state and the court.

{¶16} Despite this clear basis for finding *Roberts* inapplicable, the Eleventh

District in *Jackson I* went on to further distinguish *Roberts*. The court read the Seventh District's decision in *Ahmed* to hold that the rule of *Roberts* does not apply in postconviction proceedings. *Id.* at ¶ 36. Postconviction proceedings, the court noted, are civil in nature. And in the court's view, the Supreme Court in *Roberts* was "clearly focused on the fact that R.C. 2929.03(F) required the trial court to make its own findings" in drafting its death-sentence opinion, while R.C. 2953.21(G) "does not contain similar language mandating the trial court [] make its own findings" in dismissing a postconviction petition. *Id.* at ¶ 37. The court thus concluded that "the language of R.C. 2953.21(G) does not impose the same mandate precluding assistance in drafting the judgment entry as the Supreme Court of Ohio found R.C. 2929.03(F) does." *Id.* at ¶ 37.

{¶17} *The statutory deliberative process, due process, and ex parte communication.* The Eleventh District in *Jackson* and the Seventh District in *Ahmed* concluded that *Roberts* was inapplicable, because the findings of fact and conclusions of law dismissing those postconviction petitions had not been the product of an ex parte communication between the state and the court. Those decisions may also be read to hold that the rule of *Roberts* does not apply in postconviction proceedings. We respectfully disagree.

{¶18} Certainly, there is a reasonable basis for distinguishing between the duty imposed under R.C. 2929.03(F) upon a trial court imposing a death sentence, to "state in a separate opinion its specific findings," and the duty imposed under R.C. 2953.21(C) upon a common pleas court dismissing a postconviction petition, to "make and file findings of fact and conclusions of law." Because "the consideration and imposition of death are the most solemn of all the duties that are imposed on a

8

judge," a trial court may not delegate any responsibility imposed by R.C. 2929.03(F) in drafting its sentencing opinion imposing death. *Roberts*, 110 Ohio St.3d 71, 2006-Ohio-3665, 850 N.E.2d 1168, at ¶ 160. In contrast, in dismissing a postconviction petition, a court's verbatim adoption of a party's proposed findings of fact and conclusions of law will not, alone, provide a ground for reversal if those findings of fact and conclusions of law adequately advance their purposes, that is, if they cover and pertain to the material and determinative issues presented in the petition and adequately apprise the petitioner and the reviewing court of the legal and evidentiary bases for the decision denying the petition. *State v. Calhoun*, 86 Ohio St.3d 279, 291-292, 714 N.E.2d 905 (1999), citing *State ex rel. Carrion v. Harris*, 40 Ohio St.3d 19, 530 N.E.2d 1330 (1988), and *State v. Clemmons*, 58 Ohio App.3d 45, 46, 568 N.E.2d 705 (2d Dist.1989); *State v. Powell*, 90 Ohio App.3d 260, 263, 629 N.E.2d 13 (1st Dist.1993); *State v. Sowell*, 73 Ohio App.3d 672, 676, 598 N.E.2d 136 (1st Dist.1991). Thus, a common pleas court may delegate the drafting responsibility imposed under R.C. 2953.21(C) in dismissing a postconviction petition.

{¶19} But the issue here is not, as the state insists, whether the findings of fact and conclusions of law contained in the entry dismissing Pickens's postconviction petition were adequate to their task. Like R.C. 2929.03(F), R.C. 2953.21(C) further mandates, in the words of the *Roberts* court, a "deliberative process," requiring the common pleas court to not just "make" findings of fact and conclusions of law, but to do so based upon its consideration of the petition, supporting affidavits, documentary evidence, and the files and records of the proceedings leading to the petitioner's conviction, to determine whether "there are substantive grounds for relief." This deliberative process may not be delegated.

{¶20} Moreover, the procedural protections afforded by the Due Process Clause of the Fourteenth Amendment require that parties to an action be given reasonable notice and an opportunity to be heard before a competent tribunal, "at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 334, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), quoting *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965); *State v. Luff*, 117 Ohio St. 102, 157 N.E. 388 (1927), paragraph four of the syllabus. An ex parte communication is a communication concerning a substantive matter in a case between the decision-maker and an adverse party, without notice to an affected party. *See Jenkins*, 15 Ohio St.3d 164, 473 N.E.2d 264, at paragraph thirteen of the syllabus. An ex parte communication denies the affected party procedural due process, because without notice of the communication, the affected party cannot respond. *Cummins v. Village of Minster, Ohio,* 2015-Ohio-4129, 43 N.E.3d 902, ¶ 14 (3d Dist.); *State v. Sanders*, 188 Ohio App.3d 452, 2010-Ohio-3433, 935 N.E.2d 905, ¶ 19 (10th Dist.); *In re Swader*, 12th Dist. Warren No. CA2000-04-036, 2001-Ohio-4191; *State v. Denger*, 6th Dist. Huron No. H-95-059, 1996 Ohio App. LEXIS 3089, *19 (July 19, 1996); *In re Dismissal of Osborn*, 5th Dist. Ashland No. CA-1009, 1992 Ohio App. LEXIS 4364, *34 (Aug. 20, 1992).

{¶21} In *Roberts*, the trial court's ex parte communications with the state in preparing its death-sentence opinion, without defense counsel's knowledge or participation, so "undermined" the Supreme Court's "confidence in the * * * opinion" that the trial court's failure to engage in the "deliberative process" mandated by R.C. 2929.03(F) could neither be deemed harmless error nor be cured by the Supreme Court's own independent assessment. Accordingly, the Supreme Court vacated

Roberts's death sentence and remanded for resentencing. *Roberts*, 110 Ohio St.3d 71, 2006-Ohio-3665, 850 N.E.2d 1168, at ¶ 159, 162-163. *Compare In re Investigation of Natl. Union Fire Ins. Co. of Pittsburgh Pa.*, 66 Ohio St.3d 81, 88, 609 N.E.2d 156 (1993) (holding that when de novo review is conducted and that review is not affected by the ex parte communication, then the due-process violation is harmless). The Sixth District in *Sedlack* followed *Roberts* to reverse the domestic-relations court's entry adopting the magistrate's decision, because the "blatant instance of ex parte communication" between the magistrate and the father's counsel "at a crucial point in the judicial process" constituted a "grievous violation of the deliberative process" and "undermin[ed] [the] court's confidence in the impartiality of the magistrate's decision." *Sedlack*, 189 Ohio App. 3d 452, 2010-Ohio-3924, 937 N.E.2d 642, at ¶ 12.

{¶22} Here, the common pleas court's dismissal of Pickens's petition by filing the state's "*Proposed* Findings of Fact and Conclusions of Law" suggests that the court, in "making" the findings of fact and conclusions of law, did not engage in the "deliberative process" mandated by R.C. 2953.21(C). The effect of that dismissal was to deny Pickens relief from aggravated-murder convictions for which he had been sentenced to death. The findings of fact and conclusions of law contained in the entry dismissing the petition were the product of an ex parte communication between the court and the state. And because Pickens was not afforded either notice of the state's submission of its proposed findings of fact and conclusions of law or an opportunity to respond, he was denied procedural due process. Under the circumstances, we cannot say that the deprivation of due process occasioned by that ex parte communication was harmless.

{¶23} We, therefore, sustain the first assignment of error.

*We Reverse and Remand*

{¶24} Our disposition of Pickens's first assignment of error renders moot the challenges advanced in his remaining assignments of error. We, therefore, do not reach the merits of those challenges.

{¶25} We reverse the common pleas court's entry dismissing Pickens's postconviction petition, because the court's ex parte communication with the state in making its findings of fact and conclusions of law violated due process and undermined any confidence that the court had engaged in the deliberative process mandated by R.C. 2953.21(C), and because that deprivation of due process cannot be said to have been harmless. And we remand this case for further proceedings consistent with the law and this opinion.

Judgment reversed and cause remanded.

**FISCHER, P.J., CUNNINGHAM** and **STAUTBERG, JJ.**

Please note:

The court has recorded its own entry on the date of the release of this opinion.