ELLIS, Appellee,

v.

WOODMERE, Appellant.

[Cite as *Ellis v. Woodmere*, 167 Ohio App.3d 111, 2006-Ohio-3007.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 86881.

Decided June 15, 2006.

_____

Daniel J. Leffler, for appellee.

John D. Latchney, for appellant.

FRANK D. CELEBREZZE, JR., Presiding Judge.

{¶ 1} Appellant, the village of Woodmere, appeals the trial court's ruling on Timothy Ellis's administrative appeal of the termination of his employment by the village. After a thorough review of the record and for the reasons set forth below, we find merit in this appeal and vacate the judgment of the trial court.

{¶ 2} On April 16, 2003, Ellis was hired as a probationary, part-time patrol officer for the village. On October 8, 2003, he was promoted to a probationary, full-time officer. No other official action was taken regarding his employment status.

{¶ 3} On October 15, 2004, the chief of police scheduled Ellis to attend a predisciplinary conference concerning several incidents involving his service as a police officer. He was accused of using a taser gun on a woman he had stopped for a traffic violation; of sleeping in a patrol car while on duty; of receiving public monies while at the same time receiving payment for services from a private source; and of showing general disrespect toward his superior officers and the citizens of the village. At the close of the predisciplinary hearing, Mayor Yolanda Brodie concluded that Ellis's behavior warranted his termination, and she terminated his employment.

{¶ 4} Ellis appealed his termination to the village council on October 20, 2004. The matter was reviewed on November 17, November 23, and December 1, 2004, by the council, and it did not overturn the decision of the mayor.

{¶ 5} Ellis subsequently filed a notice of appeal with the Cuyahoga County Common Pleas Court on December 27, 2005, and on July 20, 2005, the trial court reversed the mayor's decision to terminate his employment. The trial court then reinstated Ellis as an employee of the village and awarded him back pay and benefits.

{¶ 6} On August 16, 2005, the village filed this appeal, asserting one assignment of error for our review:

{¶ 7} "I. The common pleas court's decision was ab initio (sic) because the court lacked subject matter jurisdiction to consider an appeal by a probationary employee of a village."

{¶ 8} The village argues that pursuant to its charter, the trial court lacked subject-matter jurisdiction to consider Ellis's appeal of his termination. More specifically, the village asserts that its charter gives the mayor the authority to terminate Ellis without recourse or appeal to the common pleas court. The village further contends that because the trial court rendered a decision without having proper jurisdiction over the matter, its decision is void and must be vacated.

{¶ 9} Sections (C) and (D), Article IV of the village charter specifically outline the powers of the mayor with respect to terminating the employment of officers and employees of the village. The charter provides:

{¶ 10} "(C) The Mayor shall have the right to discipline and terminate the employment of any officer or employee referred to in section 5(B) in the following manner:

{¶ 11} "(1) With respect to the Police Chief, police officers and patrolmen, to discharge from employment, suspend, transfer, reduce in rank or otherwise discipline.

{¶ 12} "With respect to other non-elected officers and employees, the Mayor has the power to appoint, discipline, suspend, transfer, reduce in rank or discharge from employment.

{¶ 13} "Said action shall be final unless the person so disciplined requests a review of the action in writing to the council president within ten (10) days of the effective date of the mayor's action.

{¶ 14} "The request for review shall contain in addition all points on which the employee relies in support of his or her claim and shall be placed on the agenda for the meeting of council next following the expiration of such ten-day period which may be attended by the person requesting the review. A vote of five (5) members of council shall be necessary to reverse the mayor's action.

{¶ 15} "(D) Except as otherwise specifically provided in subparagraph (C)(1) all actions taken pursuant to section 5(C) shall be final and conclusive, and no right of appeal shall be available."

{¶ 16} It is clear from the language of the village charter that Ellis did not have the right to appeal the mayor's determination to the common pleas court, and the common pleas court did not have the right to exercise jurisdiction over the matter. The village charter specifically provides that after the mayor terminates an officer or employee, the only recourse for that individual is the village council, and no right of appeal beyond the village council's decision shall be available. It is important to note that the village charter does not make a distinction between probationary and permanent employees, but rather refers to all officers and employees, regardless of their status.

{¶ 17} After he was terminated by the mayor, Ellis utilized his right to challenge his termination to the village council; however, the council did not vote to overrule the mayor's determination. After the council rendered its decision, Ellis was prohibited from pursuing any further appeal. Despite this prohibition, he appealed the council's decision to the common pleas court in direct violation of the village charter.

{¶ 18} Ellis asserts the argument that pursuant to R.C. 737.19(B), he had the right to appeal the village council's decision to the common pleas court. R.C. 737.19(B), which is captioned "Powers and Duties of a Marshal," states:

{¶ 19} "In the case of removal from the department, the person so removed may appeal on questions of law and fact the decision of the legislative authority to the court of common pleas of the county in which the village is situated. The person shall take the appeal within ten days from the date of the finding of the legislative authority."

{¶ 20} Although R.C. 737.19(B) appears to give Ellis the right to appeal his case to the common pleas court, it governs the powers and duties of a marshal and refers to the action by which a marshal suspends an employee and certifies that decision to the mayor. In the instant case, the mayor initiated Ellis's termination, and there was no marshal involved. Accordingly, R.C. 737.19(B) does not apply.

{¶ 21} The village charter mandates that no right of appeal beyond the village council was available to Ellis; therefore, the trial court clearly erred when it exercised jurisdiction over the present matter. Accordingly, we vacate the judgment of the common pleas court.

Judgment vacated.

McMONAGLE and BLACKMON, JJ., concur.