[Cite as *C.S. v. J.M.*, 2018-Ohio-4416.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106905**

**C.S.**

PLAINTIFF-APPELLEE

vs.

**J.M., SR.**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-16-867823

**BEFORE:** McCormack, P.J., S. Gallagher, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** November 1, 2018

**ATTORNEY FOR APPELLANT**

Richard Tadd Pinkston
441 W. Bagley Road, Suite 283
Berea, OH 44017


**FOR APPELLEE**

C.S., pro se
6490 Dale Drive
Brookpark, OH 44142


TIM McCORMACK, P.J.:

{**¶1**}  Plaintiff-appellee C.S. obtained a civil stalking protection order against defendant-appellant J.M.  J.M. subsequently filed a motion to modify the protection order, and he now appeals from the trial court's journal entry denying this motion to modify.  For the reasons that follow, we affirm.

**Procedural and Factual History**

{**¶2**}  J.M. has been involved in litigation over the custody of N.M. and R.M., his paternal grandchildren ("the grandchildren") for several years.  While the juvenile court proceedings are not the subject of this appeal, the procedural history is directly relevant to this case.  On December 16, 2014, the Cuyahoga County Department of Children and Family Services ("CCDCFS") filed a complaint for dependency and temporary custody of the grandchildren.  The complaint alleged substance abuse by the children's parents.  On January 9, 2015, the court held a hearing and a magistrate granted emergency temporary custody to the agency.

**{¶3}** On January 12, 2015, J.M. filed a motion to intervene and a motion to set an emergency custody hearing. The court denied both motions, finding that J.M., as a grandfather, lacked statutory standing to intervene in the case. On January 25, 2015, the court adopted the magistrate's January 9, 2015 decision granting emergency custody of the children to the agency. In March 2015, the court granted the agency's motion for temporary custody and placed the children in foster care.

**{¶4}** On May 27, 2015, J.M. filed a second motion to intervene. The court denied this motion. On November 16, 2015, CCDCFS filed a motion to modify temporary custody to permanent custody. On January 15, 2016, J.M. filed a motion for legal custody of the children. In February 2016, the children's mother died of a drug overdose. On April 1, 2016, J.M. filed a third motion to intervene. The court again denied this motion, and J.M. appealed.

**{¶5}** This court remanded the case, finding that the lower court had abused its discretion by summarily denying J.M.'s motion to intervene without holding a hearing. *In re N.M.*, 2016-Ohio-7967, 74 N.E.3d 852, ¶ 21 (8th Dist.) On remand, the lower court granted J.M.'s motion to intervene.

**{¶6}** While the custody proceedings were ongoing, the children were placed in several foster homes. One of the placements was with C.S. J.M. and C.S. had a contentious relationship. C.S. did not allow J.M. to visit the children at her home, nor did she allow the children to contact J.M. In response to repeated unwanted contact from J.M., on August 18, 2016, C.S. filed a petition for a civil stalking protection order. The court held an ex parte hearing on September 1, 2016. It held a full hearing on this petition on October 14, 2016, and subsequently issued a protection order. The protection order applies to C.S., N.M., and R.M., and two other children who are foster children of C.S and are unrelated to J.M.

**{¶7}** On November 14, 2016, J.M. appealed the granting of the protection order. On January 31, 2017, J.M. voluntarily dismissed this appeal.

**{¶8}** On March 28, 2017, J.M. filed a motion to modify the protection order, arguing that it was no longer equitable to extend the order to his grandchildren, as the order prevented him from participating in the ongoing custody proceedings. The court held this motion in abeyance pending the resolution of the juvenile court proceedings, noting in a journal entry that the "order was never meant to restrict [J.M.'s] rights to intervene in the dependency case or visitation rights * * *."

**{¶9}** On July 20, 2017, the juvenile court held a hearing on the agency's motion for permanent custody and subsequently granted that motion and denied J.M.'s motion for legal custody. J.M. appealed. This court upheld the judgment granting permanent custody to the agency. *In re N.M.*, 8th Dist. Cuyahoga No. 106130, 2018-Ohio-1099.

**{¶10}** On January 24, 2018, J.M., represented by a new attorney, filed a motion to modify the order. The court held a hearing on this motion on February 20, 2018, in which it heard from J.M.'s attorney, J.M., and the guardian ad litem ("GAL"). No other parties were present at the hearing or made an appearance before the court.

**{¶11}** During the hearing, the GAL informed the court that the children were no longer living with C.S. The GAL testified that the children are living with relatives in Michigan, and the children, along with the members of their household in Michigan, are protected persons named in a protection order against J.M. in the state of Michigan. The GAL also testified that in light of the steps taken by the Michigan relatives to ensure the children's safety, she did not see a need for the protection order in the state of Ohio. She did, however, disagree with J.M.'s assertion that his previous conduct had been in the children's best interest.

{¶12} The court stated at the hearing that it was going to deny the motion, stating "my findings of fact were clear that [J.M.] caused distress and/or the belief in [C.S.] that he would cause harm to herself or to her property, and mostly it was distress based on the evidence that I recall." A journal entry denying the motion to modify was issued that day.

{¶13} It is from this journal entry that J.M. appeals, presenting the follow assignments of error for our review:

> I. The lower court erred in extending the civil protection order to Appellant's grandchildren because they were not part of Appellee's family or household under R.C. 3113.31.

> II. The lower court erred in determining that sufficient evidence existed to warrant the continuation of the CPO.

**Law and Analysis**

{¶14} J.M. argues that it was error for the court to include his grandchildren as protected persons in the protection order because foster children are not explicitly included in the definition of family or household under R.C. 3113.31. He also argues that the court erred in determining that sufficient evidence existed to warrant the continuation of the protection order.

{¶15} To the extent that J.M.'s first assignment of error is an appeal from the trial court's granting of the protection order, this argument is barred by res judicata. App.R. 28 allows a party to voluntarily dismiss an appeal. Unlike the analogous Civ.R. 41(A), however, App.R. 28 does not provide for a voluntary dismissal without prejudice, and a litigant does not have a right to a second appeal. *Irwin v. Lloyd*, 65 Ohio St. 55, 61, 61 N.E. 157 (1901). A voluntary dismissal of an appeal will always be with prejudice, thereby barring any subsequent litigation of the matter due to res judicata. *Id.*

**{¶16}** R.C. 2903.14(C) authorizes individuals to seek relief in the form of a civil protection order against a person alleged to have violated R.C. 2903.211, menacing by stalking. If a petitioner establishes, by a preponderance of the evidence, that the respondent's conduct satisfies the elements of R.C. 2903.211, a protection order is appropriate.

**{¶17}** While there are no provisions in R.C. 2903.214 requiring a trial court to hold a hearing on a motion to modify or terminate a protection order, courts have held that trial courts may review protection orders granted under the statute. *Sheerer v. Billak*, 8th Dist. Cuyahoga No. 104879, 2017-Ohio-1556, ¶ 11, citing *Cipriani v. Ehlert*, 8th Dist. Cuyahoga No. 103767, 2016-Ohio-5840, ¶ 7, and *Jones v. Hunter*, 11th Dist. Portage No. 2008-P-0015, 2009-Ohio-917, ¶ 12. In these circumstances, "a trial court may modify a CSPO if the movant shows that the original circumstances have materially changed and it is no longer equitable for the order to continue." *Cipriani* at ¶ 7, citing *Prostejovsky v. Prostejovsky*, 5th Dist. Ashland No. 06-COA-033, 2007-Ohio-5743.

**{¶18}** Because a trial court has discretion to modify or terminate a protection order, our review of a court's denial of a motion to modify a protection order is limited to whether the trial court abused that discretion. *Delaine v. Smith*, 8th Dist. Cuyahoga No. 103860, 2016-Ohio-5250, ¶ 16, citing *Hayberg v. Tamburello*, 5th Dist. Tuscarawas No. 2013 AP 02 0011, 2013-Ohio-3451, ¶ 25, citing *Jones v. Rose*, 4th Dist. Hocking No. 09CA7, 2009-Ohio-4347. "An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). When applying the abuse of discretion standard, a reviewing court may not substitute its judgment for that of the trial court. *Berk v. Matthews*, 53 Ohio St.3d 161, 169, 559 N.E. 2d 1301 (1990).

**{¶19}** After a thorough review of the record, we cannot conclude that the trial court abused its discretion in denying J.M.'s motion to modify the protection order. The record in this appeal includes the transcript from the February 20, 2018 hearing on J.M.'s motion to modify the protection order. It does not include the transcript from the initial hearing on the protection order. In the absence of a complete record from the trial court, we must presume regularity in the proceedings. *E. Cleveland v. Waters*, 8th Dist. Cuyahoga No. 91631, 2009-Ohio-3591, ¶ 8, citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980). At the hearing on the motion to modify, the court heard testimony from J.M., his counsel, and the children's GAL. This testimony included information regarding the children moving from C.S.'s custody and residing with family in Michigan. The court also referred on the record to its findings as a result of the initial hearing. We note that the children's move, on its own, could be considered a material change in circumstances. J.M., though, did not convince the court with his argument as to why this particular change in circumstances rendered the protection order no longer relevant and thereby inequitable. We therefore do not conclude that the court's denial of J.M.'s motion was an abuse of discretion.

**{¶20}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
PATRICIA ANN BLACKMON, J., CONCUR