[Cite as *Yarnell v. Smithville*, 2026-Ohio-1140.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

DANIEL YARNELL

    Appellant

    v.

VILLAGE OF SMITHVILLE

    Appellee

C.A. No.     25AP0016

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.    2022 CVC-F 000249

DECISION AND JOURNAL ENTRY

Dated: March 31, 2026

---

SUTTON, Judge.

{¶1} Plaintiff-Appellant Daniel Yarnell appeals the judgment of the Wayne County Court of Common Pleas. For the reasons that follow, this Court affirms.

I.

**Relevant Background Information**

{¶2} Mr. Yarnell was employed as a police officer by Defendant-Appellee the Village of Smithville ("Smithville"). On May 17, 2022, Smithville's village council terminated Mr. Yarnell's employment. The reason given for the termination was "dishonesty." Prior to his employment with Smithville, Mr. Yarnell was employed as a police officer with the City of Canal Fulton, Ohio. The "dishonesty" alleged by Smithville was that Mr. Yarnell falsely answered a question on Smithville's personal history questionnaire for employment. The question asked if Mr. Yarnell had been dismissed from or asked to resign from any position. Mr. Yarnell responded no. Smithville, however, learned Mr. Yarnell's probationary employment with Canal Fulton had

ended when he was released from the police department and the Canal Fulton police chief told Mr. Yarnell there had been issues with tardiness and marking on his time sheet differently.

{¶3} On June 17, 2022, Mr. Yarnell filed a notice of appeal in the Wayne County Court of Common Pleas pursuant to R.C. 737.19(B). Shortly thereafter, in the same case, Mr. Yarnell filed a "Verified Complaint on Appeal" pursuant to R.C. 737.19(B) and added that the appeal was also pursuant to R.C. 2506.01. On May 8, 2023, also in the same case, Mr. Yarnell filed an amended complaint, adding a claim for wrongful termination and alleging defamation. On December 21, 2023, Mr. Yarnell voluntarily dismissed his appeal "[p]ursuant to Civ.R. 41(A)(1)(a)[.]"

{¶4} On December 10, 2024, Mr. Yarnell refiled his appeal, captioned "Verified Complaint on Appeal[,]" which included claims for defamation and "violation of public policy; pretext" together with the R.C. 737.19(B) appeal. Smithville filed a motion for judgment on the pleadings pursuant to Civ.R. 12(C), arguing Mr. Yarnell could not refile his appeal by way of R.C. 2305.19, also known as the "savings statute." The trial court agreed and dismissed Mr. Yarnell's appeal. The trial court also stated in its Judgment Entry, "[t]he defamation and wrongful termination claims fail as the administrative appeal cannot be combined with other claims." The trial court further determined that Mr. Yarnell's defamation claim was "barred by immunity" and that he could not pursue his violation of public policy claim because he was "not an at-will employee[,]" and dismissed the case "in its entirety."

{¶5} Mr. Yarnell has appealed, raising four assignments of error for our consideration.

II.

## ASSIGNMENT OF ERROR I

**THE TRIAL COURT'S FINDING AND RULING THAT DANIEL YARNELL'S ACTION UNDER R.C. 737.19(B) WAS AN**

**ADMINISTRATIVE APPEAL WHICH COULD NOT BE VOLUNTARILY DISMISSED PURSUANT TO CIV.R. 41(A)(1)(a) AND REFILED PURSUANT TO R.C. 2305.19, THE SAVINGS STATUTE, AND THAT THE TRIAL COURT COULD DISMISS THE REFILED ACTION FOR LACK OF JURISDICTION WAS ERROR.**

**{¶6}** In his first assignment of error, Mr. Yarnell argues the trial court erred by finding his appeal pursuant to R.C. 737.19(B) was an administrative appeal that could not be voluntarily dismissed and then refiled pursuant to the savings statute. Because this case concerns the interpretation of a statute, which is a question of law, our review is de novo. *Riedel v. Consol. Rail Corp.*, 2010-Ohio-1926, ¶ 6, citing *State v. Consilio*, 2007-Ohio-4163, ¶ 8.

## Civ.R. 41(A)(1)(a) does not apply to an R.C. 737.19(B) appeal

**{¶7}** R.C. 737.19 governs the powers and duties of a village marshal and allows for an appeal from a village council's decision to terminate the employment of a police officer employed by the village. R.C. 737.19(B) provides in relevant part:

> In the case of removal from the [police] department, the person so removed may appeal on questions of law and fact the decision of the legislative authority to the court of common pleas of the county in which the village is situated. The person shall take the appeal within ten days from the date of the finding of the legislative authority.

**{¶8}** Civ.R. 1(C) provides that the Ohio Rules of Civil Procedure, to the extent that they would be clearly inapplicable, do not apply "upon appeal to review any judgment, order or ruling," and in "special statutory proceedings; provided, that where any statute provides for procedure by a general or specific reference to all the statutes governing procedure in civil actions such procedure shall be in accordance with these rules."

**{¶9}** An appeal to the trial court filed pursuant to statutory authority providing for such an appeal is a special statutory proceeding. *See Scott v. Akron Hous. Appeals Bd.*, 2019-Ohio-5333, ¶ 14 (9th Dist.). Mr. Yarnell's appeal is provided for by R.C. 737.19(B), therefore, the

appeal is a special statutory proceeding. In addition, R.C. 737.19 does not generally or specifically refer "to all the statutes governing procedure in civil actions." Civ.R. 1(C).

{¶10} This Court previously considered whether a different rule of civil procedure, Civ.R. 60(B), applied to an administrative appeal. This Court determined Civ.R. 60(B) was not a permissible mechanism to challenge a common pleas court's judgment in an R.C. 119.12 appeal because the statute did not provide for such a motion. *Scott* at ¶ 14. Similarly, here, R.C. 737.19 makes no mention of the ability to voluntarily dismiss the appeal pursuant to Civ.R. 41. Therefore, Civ.R. 41(A)(1)(a) does not apply to a R.C. 737.19(B) appeal.

{¶11} The Ohio Rules of Appellate Procedure, however, do apply to some administrative appeals. R.C. 2505.03(B) provides in part: "[u]nless, in the case of an administrative-related appeal, Chapter 119. or other sections of the Revised Code apply, such an appeal is governed by this chapter and, to the extent this chapter does not contain a relevant provision, the *Rules of Appellate Procedure*." (Emphasis added.) R.C. Chapters 2505 and 119 and R.C. 737.19 do not contain provisions that allow for a voluntary dismissal of an appeal without prejudice. Therefore, the Rules of Appellate Procedure apply, specifically App.R. 28. "App.R. 28 does not provide for a voluntary dismissal without prejudice, and a litigant does not have a right to a second appeal." *C.S. v. J.M.*, 2018-Ohio-4416, ¶ 15 (8th Dist.), citing *Irwin v. Lloyd*, 65 Ohio St. 55, 61 (1901).

{¶12} Therefore, Civ.R. 41(A)(1)(a) does not apply to Mr. Yarnell's R.C. 737.19(B) appeal and Mr. Yarnell could not dismiss the appeal without prejudice.

**A dismissed R.C. 737.19(B) appeal cannot be refiled pursuant to R.C. 2305.19(A)**

{¶13} It follows then that because Mr. Yarnell could not dismiss his appeal without prejudice, he could not refile it pursuant to R.C. 2305.19(A), the "savings statute." R.C.

2305.19(A) allows for the refiling of *actions* after dismissal in some circumstances, and provides in relevant part:

> In any action that is commenced or attempted to be commenced . . . if the plaintiff fails otherwise than upon the merits, the plaintiff . . . may commence a new action within one year after the date of . . . the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later.

However, the savings statute does not apply to appeals. *See, e.g.*, *Highland Square Mgt., Inc. v. Akron*, 2015-Ohio-401, ¶ 13 (9th Dist.) ("the dismissal of an administrative appeal outside the time for perfecting the appeal is essentially a dismissal on the merits since the appeal cannot be refiled."); *McCann v. Lakewood*, 95 Ohio App.3d 226, 231-232 (8th Dist. 1994) (a dismissal without prejudice of an administrative appeal by the trial court for failure to prosecute cannot be refiled pursuant to the savings statute).

{¶14} Mr. Yarnell argues an appeal pursuant to R.C. 737.19(B) is an action that can be voluntarily dismissed and refiled within a year after the date of the dismissal pursuant to the savings statute. We have already determined Civ.R. 41(A)(1)(a) does not apply because a R.C. 737.19(B) appeal is a special statutory proceeding and R.C. 737.19 does not provide for a voluntary dismissal without prejudice. Nevertheless, Mr. Yarnell argues because his appeal was on questions of law and fact and subject to a de novo review by the trial court as described in this Court's decision in *Heatwall v. Boston Heights*, 68 Ohio App.3d 96 (9th Dist. 1990), the appeal is not really an appeal, but rather an original action. We disagree.

{¶15} First, R.C. 737.19(B) calls it an appeal. When interpreting a statute, this Court must look to the language used by the General Assembly. "[O]ur paramount concern in examining a statute is the legislature's intent in enacting the statute." *State ex rel. Steele v. Morrissey*, 2004-Ohio-4960, ¶ 21. "In determining this intent, we first review the statutory language, reading words

and phrases in context and construing them according to the rules of grammar and common usage." *Id.* "We give effect to the words the General Assembly has chosen, and we may neither add to nor delete from the statutory language." *Gabbard v. Madison Local School Dist. Bd. of Edn.*, 2021-Ohio-2067, ¶ 13. When the statutory language is unambiguous, we apply it as written without resorting to rules of statutory interpretation or considerations of public policy. *Zumwalde v. Madeira & Indian Hill Joint Fire Dist.*, 2011-Ohio-1603, ¶ 23-24, 26. In other words, "[o]ur review starts and stops with the unambiguous language of the statute." *Johnson v. Montgomery*, 2017-Ohio-7445, ¶ 15.

{¶16} R.C. 2505.01(A)(1) defines "[a]ppeal" as "all proceedings in which a court reviews or retries a cause determined by another court, or by an administrative officer, agency, board, department, tribunal, commission, or other instrumentality." R.C. 2505.01(A)(3) states, "[a]ppeal on questions of law and fact" means a "rehearing and retrial of a cause upon the law and the facts." R.C. 2505.01(B) defines "administrative-related appeal" as "an appeal to a court of the final order of an administrative officer, agency, board, department, tribunal, commission, or other instrumentality." Therefore, by definition, an appeal is a *review* or *retrial* of a cause already determined by another body. Here, Mr. Yarnell was seeking a review or retrial of the proceedings before village council. Therefore, it falls into the definition of appeal.

{¶17} Second, in *Heatwall*, while this Court acknowledged the de novo nature of the review in a R.C. 737.19(B) appeal, we also observed the appeal before the trial court would consist of the record before village council plus any additional witnesses the appellant seeks to present, subject to the sound discretion of the trial court. *Heatwall*, 68 Ohio App.3d at 97. Thus, this Court treated the appeal to the trial court in *Heatwall* as a review of the decision of village council. This review would include reviewing the record, if any, made before village council.

{¶18} Mr. Yarnell has not cited any authority for his argument that an appeal pursuant to R.C. 737.19(B) is an original action and not an appeal. Indeed, appellate courts throughout Ohio have characterized trial court proceedings pursuant to R.C. 737.19(B) as "appeals." For example, the Eleventh District Court of Appeals determined that an appeal pursuant to R.C. 737.19(B) is an "administrative related appeal . . . ." *Pullin v. Village of Hiram*, 2003-Ohio-1973, ¶ 28 (11th Dist.). *See also Stephen v. Village of Barnesville, Ohio*, 1999 WL 669491, *3 (7th Dist. Aug. 20, 1999) (labeling an appeal pursuant to R.C. 727.19(B) as an administrative appeal when discussing the parties' respective burdens); *Goins v. Village of New Boston*, 2000 WL 1800519, *4 (4th Dist. Nov. 22, 2000) (characterizing proceeding pursuant to R.C. 737.19 as an appeal); *Ellis v. Woodmere*, 2006-Ohio-3007, ¶ 1, ¶ 18 (8th Dist.) (describing the proceedings pursuant to R.C. 737.19(B) before the trial court as an "administrative appeal").

{¶19} Mr. Yarnell argues his appeal is more akin to an appeal under the workers' compensation statutes and cites several cases concerning workers' compensation cases. We are not persuaded by this argument. R.C. 4123.512(D) states in relevant part: "the [workers' compensation] claimant may not dismiss the [employer's] complaint without the employer's consent if the employer is the party that filed the notice of appeal to court pursuant to this section." Thus R.C. 4123.512(D) specifically allows appeals from a decision of the Industrial Commission to be dismissed, albeit with the consent of the employer. R.C. 4123.512(E) specifically provides in part: "[a]ppeals from the judgment [of the Industrial Commission] are governed by the law applicable to the appeal of civil actions." The statutes governing workers' compensation make workers' compensation appeals very different than other administrative-related appeals, and therefore the caselaw concerning workers' compensation appeals does not apply to other types of appeals.

{¶20} Finally, it is noteworthy that R.C. 737.19(B) provides a very small window of ten days for filing an appeal from the decision of village council, which suggests a legislative intent for having the appeal resolved quickly. Allowing the appeal to be dismissed without prejudice then refiled pursuant to the savings statute up to a year later does not resolve the appeal quickly.

{¶21} Based on the foregoing, the trial court properly determined Mr. Yarnell's appeal could not be refiled pursuant to R.C. 2305.19(A), the savings statute.

{¶22} Accordingly, Mr. Yarnell's first assignment of error is overruled.

### ASSIGNMENT OF ERROR II

**THE TRIAL COURT'S FINDING AND RULING THAT [MR. YARNELL'S] DEFAMATION AND WRONGFUL TERMINATION CLAIMS MAY BE DISMISSED BECAUSE [MR. YARNELL'S] ADMINISTRATIVE APPEAL CANNOT BE COMBINED WITH OTHER CLAIMS WAS ERROR.**

{¶23} In his second assignment of error, Mr. Yarnell argues the trial court erred by finding his defamation and wrongful termination[1] claims could not be combined with his administrative appeal.

{¶24} Claims involving other matters other than those directly related to the administrative decision cannot be combined with an appeal from that decision. *Pullin*, 2003-Ohio-1973, at ¶ 44 (11th Dist.); *see also Summit Cty. Bd. of Health v. Pearson*, 2005-Ohio-2964, ¶ 7-8 (9th Dist.) (a request for injunction cannot be combined with an administrative appeal). The decision by the village council was to terminate Mr. Yarnell's employment. Mr. Yarnell's claims of defamation and wrongful discharge were not adjudicated by village council. If Mr. Yarnell wanted to assert additional claims beyond the R.C. 737.19(B) appeal, it would be necessary for him to pursue those claims in a separate action. *Pullin* at ¶ 45; *Spencer v. Harrison Twp. Bd.*

---

[1] Mr. Yarnell actually titled his Third Cause of Action "Violation of Public Policy: Pretext[.]"

*Trustees*, 2026-Ohio-46, ¶ 38 (7th Dist.); s*ee also Pearson* at ¶ 8, citing *Community Concerned Citizens, Inc. v. Union Twp. Bd. Zoning Appeals*, 66 Ohio St.3d 452, 454 (1993). "[A] declaratory judgment action is independent from the administrative proceedings; it is not a review of the final administrative order[,]" and "in order to request a declaratory judgment appellant was required to file a separate . . . action." (Emphasis omitted.) *Community Concerned Citizens, Inc.* at 453-454. "Furthermore, courts have suggested that this is true even if the trial court did not have . . . jurisdiction over the administrative appeal . . . ." *Spencer* at ¶ 38.

{¶25} Therefore, we conclude that here the trial court did not err in determining Mr. Yarnell's defamation and wrongful discharge claims could not be combined with his R.C. 737.19(B) appeal.

{¶26} Accordingly, Mr. Yarnell's second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

**THE TRIAL COURT'S FINDING AND RULING THAT [MR. YARNELL'S] DEFAMATION CLAIMS FILED AGAINST THE VILLAGE OF SMITHVILLE, A POLITICAL SUBDIVISION, WERE BARRED BY THE STATUTORY IMMUNITY OF POLITICAL SUBDIVISIONS WAS ERROR.**

{¶27} In his third assignment of error, Mr. Yarnell argues the trial court erred by finding his defamation claim against Smithville was barred by immunity.

{¶28} Our resolution of Mr. Yarnell's first two assignments of error renders this assignment of error moot pursuant to App.R. 12(A)(1)(c).

{¶29} Accordingly, Mr. Yarnell's third assignment of error is overruled as moot.

## ASSIGNMENT OF ERROR IV

**THE TRIAL COURT'S TREATMENT OF [THE VILLAGE OF SMITHVILLE'S] MOTION TO DISMISS PURSUANT TO CIV.R. 12(C) WAS CONTRARY TO THE LAW GOVERNING CIV.R. 12 PRETRIAL MOTIONS GENERALLY AND WAS ERROR.**

**{¶30}** Mr. Yarnell dismissed his original appeal outside of the time frame for filing an appeal pursuant to R.C. 737.19(B), which was ten days. Therefore, the refiled appeal, filed approximately two and a half years after village council terminated Mr. Yarnell's employment, was untimely. As we determined above, the savings statute does not apply to dismissed appeals. The trial court does not have jurisdiction over an untimely administrative appeal. *See Pyramid Ents. L.L.C. v. City of Akron Dept. of Neighborhood Assistance*, 2018-Ohio-2178, ¶ 8 (9th Dist.). When it appears there is a jurisdictional defect in the appeal, the trial court must sua sponte determine its own jurisdiction before proceeding. *Cleveland v. Lucas*, 2018-Ohio-167, ¶ 11 (8th Dist.), citing *Ohio Bd. of Motor Vehicle Repair v. Tintmasters Internatl., LLC*, 2017-Ohio-8002, ¶ 6 (10th Dist.). "When there is a lack of jurisdiction, a dismissal of the action is the only proper order." *Dilatush v. Bd. of Rev.*, 107 Ohio App. 551, 552-553 (2d Dist. 1959). *See also Nord Community Mental Health Ctr. v. Cty. of Lorain*, 93 Ohio App.3d 363, 365 (9th Dist. 1994) (when a trial court determines there is a lack of jurisdiction, it is required to dismiss the case). Therefore, regardless of how the issue of lack of jurisdiction is raised, whether by motion of a party or sua sponte, the trial court was obligated to determine whether it had jurisdiction. Because the trial court did not have jurisdiction over Mr. Yarnell's refiled appeal, the trial court did not err in dismissing the appeal.

**{¶31}** Accordingly, Mr. Yarnell's fourth assignment of error is overruled.

III.

**{¶32}** For the forgoing reasons, Mr. Yarnell's assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
BETTY SUTTON
FOR THE COURT

CARR, P. J.
CONCURS.

FLAGG LANZINGER, J.
CONCURRING IN PART, AND DISSENTING IN PART.

{¶33} I respectfully concur in part, and dissent in part. I concur with the majority's decision to overrule Mr. Yarnell's first assignment of error, but I disagree with the majority's disposition of Mr. Yarnell's second assignment of error.

{¶34} In overruling Mr. Yarnell's second assignment of error, the majority concludes that the trial court did not err by dismissing Mr. Yarnell's claims for defamation and wrongful termination because "[c]laims involving matters other than those directly related to the administrative decision cannot be combined with an appeal from that decision." The majority reasons that "[i]f Mr. Yarnell wanted to assert additional claims beyond the R.C. 737.19(B) appeal, it would be necessary for him to pursue those claims a separate action." I disagree.

{¶35} A review of Mr. Yarnell's complaint indicates that he pleaded stand-alone claims for defamation and wrongful discharge. Determining that Mr. Yarnell's administrative appeal—which was just one part of his complaint—should be dismissed as untimely had no effect on Mr. Yarnell's separately pleaded claims. Thus, while I agree that claims involving matters other than those directly related to the administrative decision cannot be combined with an appeal from that decision, I disagree that including stand-alone claims in a complaint that also contains an administrative appeal serves as a basis to dismiss them. In other words, dismissing the administrative appeal as untimely necessarily resulted in the stand-alone claims no longer being combined with the administrative appeal, requiring the trial court to have an independent basis for dismissing the claims. Because the trial court's determination that Mr. Yarnell's administrative appeal was untimely had no effect on Mr. Yarnell's stand-alone claims for defamation and wrongful discharge, I would sustain Mr. Yarnell's second assignment of error.

{¶36} The majority then holds that Mr. Yarnell's third assignment of error is moot based upon its resolution of Mr. Yarnell's first and second assignments of error. Because I would sustain Mr. Yarnell's second assignment of error, I would address the merits of his third assignment of error. Regarding Mr. Yarnell's fourth assignment of error, I agree with the majority's conclusion to the extent it relates solely to Mr. Yarnell's administrative appeal.

**{¶37}** For these reasons, I respectfully concur in part, and dissent in part.

APPEARANCES:

EDGAR H. BOLES, Attorney at Law, for Appellant.

RONYA J. ROGERS and KENDRA L. BARABASCH, Attorneys at Law, for Appellee.